## UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

PJ COTTER,

                Plaintiff,              Case No.

vs.                                  Hon.

GMAC MORTGAGE, LLC,

                Defendant.

---

| | |
|---|---|
| PJ Cotter | Thomas M. Schehr (P54391) |
| *Pro Se* | Nasseem S. Ramin (P73513) |
| 6243 Church Road | *Attorneys for Defendant* |
| Fair Haven, MI 48023 | **DYKEMA GOSSETT PLLC** |
| (810) 459-6972 | 400 Renaissance Center, 37th Floor |
| | Detroit, MI 48243 |
| | (313) 568-5326 |

---

### NOTICE OF REMOVAL

TO:    Clerk of the Court
          PJ Cotter

       Defendant GMAC Mortgage, LLC ("GMAC") by and through its attorneys, Dykema Gossett PLLC, hereby removes this action from the Saint Clair County Circuit Court to the United States District Court for the Eastern District of Michigan, Southern Division. In support of this Notice of Removal, GMAC states as follows:

       1.      On or about November 28, 2012, Plaintiff commenced this action in the Saint Clair County Circuit Court.

       2.      GMAC received a copy of the Summons and Complaint on or about November 30, 2012. Copies of all process and pleadings received by GMAC are attached hereto as Exhibit A.

DYKEMA GOSSETT·A PROFESSIONAL LIMITED LIABILITY COMPANY·400 RENAISSANCE CENTER·DETROIT, MICHIGAN 48243

3.      Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after the receipt by GMAC of a copy of the initial pleading setting forth the claim for relief upon which the action is based.

4.      This case is a civil action of which this Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's Complaint purports to assert federal causes of action against GMAC arising out of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq* and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.   See* Exhibit A, Complaint, Counts I and II.  This Court has supplemental jurisdiction over Plaintiff's remaining claims pursuant to 28 U.S.C. § 1367 because they are so related to the federal claims set forth in the Complaint that they form part of the same case or controversy.

5.      The Saint Clair County Circuit Court is located in the Eastern District of Michigan, Southern Division. *See* 28 U.S.C. § 1441(a).

6.      A Notice of Filing Notice of Removal and a copy of this Notice of Removal will be filed with the Saint Clair County Circuit Court as required by 28 U.S.C. § 1446(d), and copies of the same will be served upon Plaintiff.

7.      Based upon the foregoing, GMAC is entitled to remove this action to this Court under 28 U.S.C. § 1441, *et seq.*

WHEREFORE, GMAC respectfully requests that this Court take jurisdiction over this action and grant such other relief as the Court deems proper.

Respectfully submitted,

**DYKEMA GOSSETT PLLC**

By: /s/ Nasseem S. Ramin
.     Thomas M. Schehr (P54391)
     Nasseem S. Ramin (P73513)
     *Attorneys for Defendant*
     400 Renaissance Center, 37th Floor
     Detroit, MI 48243
     (313) 568-5326

Date: December 7, 2012

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on December 7, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system and I hereby certify that I have mailed by United States Postal Service the paper to the following:

PJ Cotter
6243 Church Road
Fair Haven, MI 48023

/s/ Nasseem S. Ramin

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

# EXHIBIT A

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF SAINT CLAIR

P J Cotter,

      Plaintiff,

Case

Hon.

**12002946CH**
**KELLY**

v

GMAC MORTGAGE, LLC

      Defendant,

| | |
|---|---|
| ORLANS ASSOCIATES, P.C.<br>P.O. Box 5041<br>Troy Michigan 48007<br>248-502-1400 | P J Cotter<br>6243 Church Rd<br>Fair Haven Mi. 48023<br>810-459-6972 |

## COMPLAINT

### PLAINTIFF'S EX-PARTE MOTION FOR EMERGENCY RESTRAINING ORDER AND FOR ORDER TO SHOW CAUSE

### JURISDICTIONAL ALLEGATIONS

1. Plaintiff P J Cotter has owned the real property, material to this complaint commonly known as 6243 Church Road, Fair Haven, Saint Clair County, Michigan since 1999.

2. Defendant GMAC MORTGAGE, LLC is a Michigan Foreign Limited Liability Company organized under the laws of Delaware.

3. The acts complained of took place in Saint Clair County.

4. This court has jurisdiction.

### GENERAL FACTUAL ALLEGATIONS

1

5. Plaintiff received an unsigned document, dated February 7, 2012, from ORLANS ASSOCIATES, P. C. **EXHIBIT1**

6. Plaintiff received an unsigned document, dated February 7, 2012, from ORLANS ASSOCIATES, P. C. stating "OTHERWISE, FEDERAL LAW REQUIRES US TO ADVISE YOU THAT COMMUNICATION FROM OUR OFFICE COULD BE INTERPRETED AS AN ATTEMPT TO COLLECT A DEBT AND THAT ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE."

**EXHIBIT 1**

7. Plaintiff received an unsigned document, dated February 7, 2012, from ORLANS ASSOCIATES, P. C. stating "This office represents GMAC Mortgage, LLC, which is the creditor to whom your mortgage debt is owed or the servicing agent for the creditor to whom the debt is owed. The creditor has referred this matter to this office with instructions to start proceedings to foreclose the mortgage located at 6243 Church Street." **EXHIBIT 1**

8. Plaintiff received an unsigned document, dated February 7, 2012, from ORLANS ASSOCIATES, P. C. with no reference to any identifying contract with GMAC Mortgage, LLC. **EXHIBIT 1**

9. Plaintiff received an unsigned document, dated February 7, 2012, from ORLANS ASSOCIATES, P. C. stating "The debt described above will be assumed to be valid by this office, the creditor's law firm, unless you, the debtor/consumer, within thirty (30)

days after the receipt of this notice, dispute the validity of the debt or some portion

thereof."                                                    **EXHIBIT 1**

10. Plaintiff received an unsigned document, dated February 7, 2012, from ORLANS

ASSOCIATES, P. C. stating "If you notify this office in writing, within thirty (30) days

of the receipt of this notice, that the debt, or any portion thereof, is disputed, we will

obtain a verification of the debt and a copy of the verification will be mailed to you."

**EXHIBIT 1**

11. Plaintiff received an unsigned document, dated February 7, 2012, from ORLANS

ASSOCIATES, P. C. stating "If the creditor named in paragraph one of this letter is not

the original creditor, and if you make a written request to this office within thirty (30)

days from the receipt of this notice, the name and address of the original creditor will be

mailed to you."                                              **EXHIBIT 1**

12. Plaintiff received an unsigned document, dated February 7, 2012, from ORLANS

ASSOCIATES, P. C., with no reference to any identifying contract\debt with "GMAC

Mortgage LLC".                                               **EXHIBIT 1**

13. Plaintiff received an unsigned document, dated February 7, 2012, from ORLANS

ASSOCIATES, P. C., with no reference to any identifying contract\debt with "The

creditor".                                                   **EXHIBIT 1**

14. Plaintiff received an unsigned document, dated February 7, 2012, from ORLANS

ASSOCIATES, P. C.                                            **EXHIBIT 2**

3

15. Plaintiff received an unsigned document, dated February 7, 2012, from ORLANS ASSOCIATES, P. C. stating "OTHERWISE, FEDERAL LAW REQUIRES US TO ADVISE YOU THAT COMMUNICATION FROM OUR OFFICE COULD BE INTERPRETED AS AN ATTEMPT TO COLLECT A DEBT AND THAT ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE."

                                                                    **EXHIBIT 2**

16. Plaintiff received an unsigned document, dated February 7, 2012, from ORLANS ASSOCIATES, P. C. stating "**Please be advised that this is a time sensitive document with a 30 day deadline for response.**"          **EXHIBIT 2**

17. Plaintiff received an unsigned document, dated February 7, 2012, from ORLANS ASSOCIATES, P. C. stating "b) GMAC Mortgage, LLC has designated Orlans Association Loss Mitigation Department ("Orlans") as its Designated Agent to facilitate negotiations and attend meetings."          **EXHIBIT 2**

18. Plaintiff received an unsigned document, dated February 7, 2012, from ORLANS ASSOCIATES, P. C. stating "This office is the law firm which represents GMAC Mortgage LLC, the creditor to whom your mortgage debt is owed or the servicing agent of your mortgage."          **EXHIBIT 2**

19. Plaintiff received an unsigned document, dated February 7, 2012, from ORLANS ASSOCIATES, P. C. stating "GMAC Mortgage has referred this matter to this office with instructions to start proceeding to foreclose the mortgage located at 6243 Church Street, Ira, MI 48023."          **EXHIBIT 2**

20. Plaintiff received an unsigned document, dated February 7, 2012, from ORLANS ASSOCIATES, P. C. stating "c) The person to contact to schedule a meeting to attempt to work out a loan modification is: Orlans Associates P. C. Loss Mitigation Department, P. O. Box 5041, Troy, MI 48007-5041. Phone: (248) 502-1331," **EXHIBIT 2**

21. Plaintiff received an unsigned document, dated February 7, 2012, from ORLANS ASSOCIATES, P. C. stating "g) That if an agreement is not reached to modify the mortgage loan, but it is determined that you met the criteria for a modification under MCL 600.3205c(1)"                    **EXHIBIT 2**

22. Plaintiff received an unsigned document, dated February 7, 2012, from ORLANS ASSOCIATES, P. C. stating "g).... and foreclosure under this chapter is not allowed under section MCL 600.3205c(7), the foreclosure of the mortgage will proceed before a judge instead of by advertisement."                    **EXHIBIT 2**

23. Plaintiff received an unsigned document, dated February 7, 2012, from ORLANS ASSOCIATES, P. C., with no reference to any identifying contract\debt with "GMAC Mortgage LLC".                    **EXHIBIT 2**

24. Plaintiff received an unsigned document, dated February 7, 2012, from ORLANS ASSOCIATES, P. C., with no reference to any identifying contract\debt with "The creditor".                    **EXHIBIT 2**

25. Plaintiff received an unsigned document, dated October 2, 2012, from ORLANS ASSOCIATES, P. C.                    **EXHIBIT3**

5

26. Plaintiff received an unsigned document, dated October 2, 2012, from ORLANS
ASSOCIATES, P. C. stating "This letter is in response for verification of the debt owing
on your mortgage."                                                       **EXHIBIT 3**

27. Plaintiff received an unsigned document, dated October 2, 2012, from ORLANS
ASSOCIATES, P. C. stating "Pursuant to your correspondence, we have contacted
GMAC mortgage, LLC, who services your mortgage and it has provided the following
information.

Loan No. 03077223898

Loan Origination Date June 5, 2006

Original Loan Amount: $208,000.00

Original Lender: GreenPoint Mortgage Funding, Inc.

Original Lender Address: 100 Wood Hollow Drive Novato, CA 94945" **EXHIBIT 3**

28. Plaintiff received an unsigned document, dated October 2, 2012, from ORLANS
ASSOCIATES, P. C. stating "

Current Mortgagee: GMAC Mortgage, LLC

Current Mortgagee Address: 1100 Virginia Drive, P.O. Box 8300 Fort Washington, PA
19034"                                                                   **EXHIBIT 3**

29. Plaintiff received an unsigned document, dated October 2, 2012, from ORLANS
ASSOCIATES, P. C. stating "

Current Servicer: GMAC Mortgage, LLC

Current Servicer Address: 1100 Virginia Drive, P.O. Box 8300 Fort Washington, PA
19034"                                             **EXHIBIT 3**

30. Plaintiff received an unsigned document, dated October 2, 2012, from ORLANS
    ASSOCIATES, P. C. stating " Enclosed please find a payment history from GMAC
    Mortgage, LLC"                                **EXHIBIT 3**

31. Plaintiff received an unsigned document, dated October 2, 2012, from ORLANS
    ASSOCIATES, P. C. stating "Enclosed please find....the endorsed note"  **EXHIBIT 3**

32. Plaintiff received an unsigned document, dated October 2, 2012, from ORLANS
    ASSOCIATES, P. C. stating "Enclosed please find....recorded mortgage" **EXHIBIT 3**

33. Plaintiff has no knowledge of any signed contract with GMAC Mortgage, LLC in
    reference to Loan No. 03077223898, Loan Origination Date June 5, 2006 **EXHIBIT 3**

34. Plaintiff received an unsigned document, dated October 2, 2012, from ORLANS
    ASSOCIATES, P. C. stating "Enclosed please find....recorded assignment of mortgage."
                                                   **EXHIBIT 4**

35. Plaintiff has carefully examined " ASSIGNMENT OF MORTGAGE" which clearly
    indicates a purported loan number 00897442394 not Loan No. 03077223898 as claimed
    by GMAC Mortgage, LLC.                         **EXHIBIT 4**

36. Plaintiff has carefully examined " ASSIGNMENT OF MORTGAGE" ,which clearly
    indicates a purported loan number 00897442394, was authored by ORLANS
    ASSOCIATES, P. C. and recorded in SAINT CLAIR COUNTY REGISTER OF DEEDS
    OFFICE Liber 4237 Page 756 on March 27, 2012   **EXHIBIT 4**

37. Plaintiff has confirmed that this "ASSIGNMENT OF MORTGAGE" was created and executed after the initial notice of foreclosure of February 7, 2012. **EXHIBIT 1,4**

38. Plaintiff confirmed posting in the TIMES HERALD, PORT HURON, MICHIGAN "Notice of Mortgage Foreclosure Sale"                    **EXHIBIT 5**


## COUNT I

## FAILURE TO COMPLY WITH

### I5 USC §1692g-Validation of Debt

39. Plaintiff restates the foregoing paragraphs 1-34

40. Plaintiff responded to purported claim of debt on February 13, 2012. **EXHIBIT 6**

41. Defendant failed to respond in accordance with I5 USC §1692g – Validation of Debt

                                                              **EXHIBIT 7**

42. Plaintiff notified Defendant, April 13, 2012, of their failure to comply with I5 USC §1692g – Validation of Debt.                    **EXHIBIT 8**

43. Plaintiff notified Defendant, June 15, 2012, of their failure to comply with I5 USC §1692g – Validation of Debt.                    **EXHIBIT 9**

44. Plaintiff notified Defendant, August 13, 2012, of their failure to comply with I5 USC §1692g – Validation of Debt.                    **EXHIBIT 10**


**WHEREFORE,** Plaintiff respectfully moves that this Honorable Court having jurisdiction under  15 U.S.C. §1692, Fair Debt Collection Practices Act; 28 U.S.C §1367

(Supplemental Jurisdiction) and the Home Ownership and Equity Protection Act ("HOEPA") will enter an order adjudging the Defendant to shall be prohibited from holding the sale of the e Subject Property for any reason whatsoever together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## COUNT II

## FAILURE TO COMPLY WITH 12 USC §2605

### Servicing of mortgage loans and administration of escrow accounts

45. Plaintiff restates the foregoing paragraphs 1-34

46. Plaintiff responded to  purported claim of mortgage, March 7, 2012, with Qualified Written Request (QWR) in compliance with 12 USC §2605 Servicing of mortgage loans and administration of escrow accounts.(B) Qualified Written Request.  **EXHIBIT 11**

47. Defendant failed to comply in accordance with 12 USC §2605 Servicing of mortgage loans and administration of escrow accounts.(B) Qualified Written Request.

**EXHIBIT 12**

48. Plaintiff notified Defendant, May 7, 2012, of their failure to comply with  12 USC §2605 Servicing of mortgage loans and administration of escrow accounts.(B) Qualified Written Request.                **EXHIBIT 13**

9

49. Plaintiff notified Defendant, July 10, 2012, of their failure to comply with 12 USC §2605 Servicing of mortgage loans and administration of escrow accounts.(B) Qualified Written Request.                                                        **EXHIBIT 14**

50. Plaintiff notified Defendant, September 11, 2012, of their failure to comply with 12 USC §2605 Servicing of mortgage loans and administration of escrow accounts.(B) Qualified Written Request.                                                    **EXHIBIT 15**

**WHEREFORE,** Plaintiff respectfully moves that this Honorable Court having jurisdiction under 12 U.S.C §2605 (RESPA); 28 U.S.C §1367 (Supplemental Jurisdiction) and the Home Ownership and Equity Protection Act ("HOEPA") will enter an order adjudging the Defendant to shall be prohibited from holding the sale of the e Subject Property for any reason whatsoever together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## COUNT III

## FAILURE TO COMPLY WITH

### MCL 600.3205, 600.3205a, 600.3205b, 600.3205c, 600.3205d

51. Plaintiff restates the foregoing paragraphs 1-34

52. Plaintiff responded, February 10, 2012, in compliance with MCL 600.3205c(1) as per Defendants document instructions.                                   **EXHIBIT 16**

10

53. Defendant failed to comply in accordance with their own documentation to with MCL 600.3205c(1).                                                    **EXHIBIT 17**

54. Plaintiff notified Defendant, March 2, 2012, 2012, of their failure to comply with MCL 600.3205c(1).                                            **EXHIBIT 18**

55. Plaintiff notified Defendant, April 2, 2012, 2012, of their failure to comply with MCL 600.3205c(1).                                            **EXHIBIT 19**

56. Plaintiff notified Defendant, May 2, 2012, 2012, of their failure to comply with MCL 600.3205c(1).                                            **EXHIBIT 20**

57. Plaintiff notified Defendant, June 1, 2012, 2012, of their failure to comply with MCL 600.3205c(1).                                            **EXHIBIT 21**

58. Plaintiff notified Defendant, July 5, 2012, 2012, of their failure to comply with MCL 600.3205c(1).                                            **EXHIBIT 22.**

59. Plaintiff notified Defendant, August 3, 2012, 2012, of their failure to comply with MCL 600.3205c(1).                                            **EXHIBIT 23.**

60. Plaintiff notified Defendant, September 4, 2012, 2012, of their failure to comply with MCL 600.3205c(1).                                            **EXHIBIT 24**

61. Plaintiff notified Defendant, October 3, 2012, 2012, of their failure to comply with MCL 600.3205c(1).                                            **EXHIBIT 25**

62. Defendant refused to work out a modification of the purported loan to avoid foreclosure in compliance with **MCL 600.3205, 600.3205a, 600.3205b, 600.3205c, 600.3205d.**

**WHEREFORE,** Plaintiff respectfully moves that this Honorable Court having jurisdiction under  MCL 600.3205, 600.3205a, 600.3205b, 600.3205c, 600.3205d; 28 U.S.C §1367 (Supplemental Jurisdiction) and the Home Ownership and Equity Protection Act ("HOEPA") will enter an order adjudging the Defendant to  shall be prohibited from holding the sale of the e Subject Property for any reason whatsoever together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## COUNT IV

### FAILURE TO COMPLY WITH MCL 600.3208

63.  Plaintiff restates the foregoing paragraphs 1-34

64. Defendant failed to comply with the requirements of MCL 600.3208 "In every case within 15 days after the first publication of the notice, a true copy shall be posted in a conspicuous place upon any part of the premises described in the notice."

**WHEREFORE,** Plaintiff respectfully moves that this Honorable Court having jurisdiction under  MCL 600.3208; 28 U.S.C §1367 (Supplemental Jurisdiction) and the Home Ownership and Equity Protection Act ("HOEPA") will enter an order adjudging the Defendant to  shall be prohibited from holding the sale of the e Subject Property for any reason whatsoever together with such other and further relief as the Court may deem reasonable and just under the circumstances.

**WHEREFORE,** Plaintiff, **P J Cotter,** respectfully requests that this Honorable Court grant his Motion for a Temporary Restraining Order and Judicial Hearing and enter the same in the manner and form attached hereto.

November 28, 2012

Respectfully submitted, P J Cotter

P J Cotter
6243 Church Rd
Fair Haven Mi. 48023
810-459-6972

13

# EXHIBIT

# 1

# ORLANS

ORLANS
PO Box 5041
Troy, Michigan 48007-5041
P 248-502-1400   F 248-502-1401
www.orlans.com

IF YOU ARE CURRENTLY IN BANKRUPTCY OR HAVE RECEIVED A DISCHARGE IN
BANKRUPTCY AS TO THIS OBLIGATION, THIS COMMUNICATION IS INTENDED FOR
INFORMATIONAL PURPOSES ONLY AND IS NOT AN ATTEMPT TO COLLECT A DEBT IN
VIOLATION OF THE AUTOMATIC STAY OR THE DISCHARGE INJUNCTION.  IN SUCH
CASE, PLEASE DISREGARD ANY PART OF THIS COMMUNICATION WHICH IS
INCONSISTENT WITH THE FOREGOING.

OTHERWISE, FEDERAL LAW REQUIRES US TO ADVISE YOU THAT COMMUNICATION
FROM OUR OFFICE COULD BE INTERPRETED AS AN ATTEMPT TO COLLECT A DEBT
AND THAT ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.

IF YOU ARE NOW ON ACTIVE MILITARY DUTY OR HAVE BEEN IN THE PRIOR NINE
MONTHS, PLEASE CONTACT OUR OFFICE AS YOU MAY BE ENTITLED TO THE
BENEFITS OF THE SERVICEMEMBERS' CIVIL RELIEF ACT.

February 7, 2012

P. J. Cotter
6243 Church Street
Ira, MI 48023

File Number:  703.1727

Dear Owner(s):

This office represents GMAC Mortgage, LLC, which is the creditor to whom your mortgage debt is owed
or the servicing agent for the creditor to whom the debt is owed.  The creditor has referred this matter to
this office with instructions to start proceedings to foreclose the mortgage located at: 6243 Church Street

As of the date of this letter, the balance due is as follows:

| | |
|---|---:|
| Principal | 216,680.27 |
| Interest | 2,871.76 |
| Late Charges | 134.73 |
| Advances | -2,429.05 |
| Bad Check/NFS | 0.00 |
| **TOTAL** | **$217,257.71** |

Under the terms of your mortgage, the creditor hereby elects to accelerate the total indebtedness. You may
have the right to reinstate the mortgage, subject to the creditor's approval by paying all past due installments,
late charges, delinquent taxes, insurance premiums, costs and fees incurred in the foreclosure. Requests for
reinstatement information must be received before the date of the sheriff's sale. To request reinstatement
information, contact our Loan Resolution Department at 248-502-1600, or email at
reinstatements@orlans.com.  Please leave your loan information and mailing address with our automated
service.  A representative will contact you via mail or phone within five business days.

The debt described above will be assumed to be valid by this office, the creditor's law firm, unless you, the
debtor/consumer, within thirty (30) days after the receipt of this notice, dispute the validity of the debt or

some portion thereof. If you notify this office in writing, within thirty (30) days of the receipt of this notice, that the debt, or any portion thereof, is disputed, we will obtain a verification of the debt and a copy of the verification will be mailed to you. If the debt is based on a judgment, a copy of the judgment will be provided for you, upon request.

If the creditor named in paragraph one of this letter is not the original creditor, and if you make a written request to this office within thirty (30) days from the receipt of this notice, the name and address of the original creditor will be mailed to you.

If you have been discharged from personal liability on the mortgage because of bankruptcy proceedings, this letter is not, and should not be construed to be an attempt to collect a debt from you personally, but only enforcement of a lien against the property.

Very truly yours,
Orlans Associates PC

# EXHIBIT

# 2

# ORLANS

ORLANS
PO Box 5041
Troy, Michigan 48007-5041
P 248-502-1400   F 248-502-1401
www.orlans.com

IF YOU ARE CURRENTLY IN BANKRUPTCY OR HAVE RECEIVED A DISCHARGE IN
BANKRUPTCY AS TO THIS OBLIGATION, THIS COMMUNICATION IS INTENDED FOR
INFORMATIONAL PURPOSES ONLY AND IS NOT AN ATTEMPT TO COLLECT A DEBT IN
VIOLATION OF THE AUTOMATIC STAY OR THE DISCHARGE INJUNCTION.  IN SUCH
CASE, PLEASE DISREGARD ANY PART OF THIS COMMUNICATION WHICH IS
INCONSISTENT WITH THE FOREGOING.

OTHERWISE, FEDERAL LAW REQUIRES US TO ADVISE YOU THAT COMMUNICATION
FROM OUR OFFICE COULD BE INTERPRETED AS AN ATTEMPT TO COLLECT A DEBT
AND THAT ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.

IF YOU ARE NOW ON ACTIVE MILITARY DUTY OR HAVE BEEN IN THE PRIOR NINE
MONTHS, PLEASE CONTACT OUR OFFICE AS YOU MAY BE ENTITLED TO THE
BENEFITS OF THE SERVICEMEMBERS' CIVIL RELIEF ACT.

THIS NOTICE CONTAINS IMPORTANT INFORMATION REQUIRED BY THE STATE OF
MICHIGAN.

February 7, 2012

FIRST CLASS MAIL

P. J. Cotter
6243 Church Street
Ira, MI  48023
File Number: 703.1727

RE: 6243 Church Street, Ira, MI 48023

Dear P. J. Cotter:

**Please be advised that this is a time sensitive document with a 30 day deadline for response.**  According to
Michigan law, GMAC Mortgage, LLC is required to furnish you with the following information regarding the
reason for default and your ability to participate in a meeting to attempt to work out a modification of the mortgage
to avoid foreclosure if you request a meeting within the next 30 days as directed below:

This office is a law firm which represents GMAC Mortgage, LLC, the creditor to whom your mortgage debt is
owed or the servicing agent of your mortgage.  GMAC Mortgage, LLC has referred this matter to this office with
instructions to start proceedings to foreclose the mortgage located at 6243 Church Street, Ira, MI 48023.

a) The loan with relation to this mortgage is in default for failure to make monthly payments. The amounts that are
currently due and owing under the mortgage loan are as follows:

- 4 Payments at a monthly amount of $1,122.79, for a total of $4,491.16
- Escrow Payments of $1,792.47
- Late Charges amount of $134.73

TOTAL:    $ 6,418.36

BE ADVISED THIS IS NOT A REINSTATEMENT QUOTE OR AN ATTEMPT TO COLLECT A DEBT.
PLEASE CONTACT OUR OFFICE FOR EXACT AMOUNTS DUE.

File Number: 703.1727

b) GMAC Mortgage, LLC has designated Orlans Associates Loss Mitigation Department ("Orlans") as its Designated Agent to facilitate negotiations and attend meetings.

c) The person to contact to schedule a meeting to attempt to work out a loan modification is: Orlans Associates P.C. Loss Mitigation Department, P.O. Box 5041, Troy, MI 48007-5041, Phone: (248) 502-1331, Fax: (248) 502-1601, mediation@orlans.com.  **Please be advised that if you are in contact with the creditor or servicing agent regarding modification options, please also contact Orlans Associates Loss Mitigation Department as the facilitator of the meeting directly to schedule a meeting and obtain all necessary document requests for the meeting.**

d) You may contact a housing counselor by visiting the Michigan State Housing Development Authority **(known as MSHDA)** website or by calling MSHDA.  Included is a list of approved housing counselors in your area which was prepared by  MSHDA.  Within 30 days from the date of this notice, you may either, by contacting the Designated Agent  (noted above) or through a Housing Counselor from the attached list, request a meeting to attempt to work out a modification of the mortgage loan to avoid foreclosure. Your housing counselor may also attend the requested meeting.
**Michigan State Housing Development Authority Contact Information:**

Website: http://www.mshda.info/counseling_search/

Phone: 866.946.7432

e) If you request a meeting with the Designated Agent, Orlans then within 10 days of the request, Orlans will send you a list of documents which will need to be returned so a meeting can be scheduled.  **If all documents requested are returned completed and executed to Orlans Associates Loss Mitigation Department within 60 days of this notice, foreclosure proceedings will not be commenced until at least 90 days from the date of this notice. If requested documents are not returned within 60 days from the date of this notice, foreclosure may proceed.**

f) That if an agreement is reached to modify your mortgage loan  the mortgage will not be foreclosed if you abide by the terms of the agreement.

g) That if an agreement is not reached to modify the mortgage loan, but it is determined that you meet the criteria for a modification under MCL 600.3205c(1) and foreclosure under this chapter is not allowed under section MCL 600.3205c(7), the foreclosure of the mortgage will proceed before a judge instead of by advertisement.

h) That you have the right to contact an attorney. The telephone number for the State Bar of Michigan's Lawyer Referral Service is 1-800-968-0738. The telephone number of a legal aid office in your area is:

**Legal Services of Eastern Michigan**
**511 Fort Street, Port Huron, MI 48060**
 **Phone: (810) 987-4822, Fax: (810) 987-4834**

i) If it is determined that your property is not claimed as a principal residence exempt from tax pursuant to Section 7 cc of the general property tax act, 1893 PA 206 (MCL 211.7 cc), foreclosure proceedings will begin immediately without any further notice.

j) If the foreclosure proceeds and the property is sold at foreclosure sale your redemption period will be 180 days, unless the property is deemed abandoned and redemption is shortened in accordance with MCL 600.3241 or MCL 600.3241a.

k) In accordance with MCL 600.3278, if the property is sold at foreclosure sale you will be responsible to the purchaser at sale or to the mortgage holder for damaging the property during the redemption period.

If you have been discharged from personal liability on the mortgage because of bankruptcy proceedings, this letter is not, and should not be construed to be an attempt to collect a debt from you personally, but only enforcement of a lien against the property.

File Number: 703.1727

# EXHIBIT

# 3

# ORLANS

ORLANS
PO Box 5041
Troy, Michigan 48007-5041
P 248-502-1400  F 248-502-1401
www.orlans.com

IF YOU ARE CURRENTLY IN BANKRUPTCY OR HAVE RECEIVED A DISCHARGE IN
BANKRUPTCY AS TO THIS OBLIGATION, THIS COMMUNICATION IS INTENDED FOR
INFORMATIONAL PURPOSES ONLY AND IS NOT AN ATTEMPT TO COLLECT A DEBT IN
VIOLATION OF THE AUTOMATIC STAY OR THE DISCHARGE INJUNCTION. IN SUCH
CASE, PLEASE DISREGARD ANY PART OF THIS COMMUNICATION WHICH IS
INCONSISTENT WITH THE FOREGOING.

OTHERWISE, FEDERAL LAW REQUIRES US TO ADVISE YOU THAT COMMUNICATION
FROM OUR OFFICE COULD BE INTERPRETED AS AN ATTEMPT TO COLLECT A DEBT
AND THAT ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.

IF YOU ARE NOW ON ACTIVE MILITARY DUTY OR HAVE BEEN IN THE PRIOR NINE
MONTHS, PLEASE CONTACT OUR OFFICE AS YOU MAY BE ENTITLED TO THE
BENEFITS OF THE SERVICEMEMBERS' CIVIL RELIEF ACT.

October 2, 2012

P. J. Cotter
6243 Church Street Ira, MI 48023

RE:     6243 Church Street
        Ira, MI 48023
        Loan No. 0307722389
        Orlans File No. 703.1727

Dear Borrower:

This letter is in response to your request for verification of the debt owing on your mortgage.
Pursuant to your correspondence, we have contacted GMAC Mortgage, LLC, who services your
mortgage and it has provided the following information:

Loan No. 0307722389
Loan Origination Date June 5, 2006
Original Loan Amount: $208,000.00
Original Lender:  GreenPoint Mortgage Funding, Inc.
Original Lender Address: 100 Wood Hollow Drive Novato, CA 94945

Current Mortgagee: GMAC Mortgage, LLC
Current Mortgagee Address: 1100 Virginia Drive, P.O. Box 8300 Fort Washington, PA 19034

Current Servicer: GMAC Mortgage, LLC
Current Servicer Address: 1100 Virginia Drive, P.O. Box 8300 Fort Washington, PA 19034

Enclosed please find a payment history from GMAC Mortgage, LLC that was requested for the
above-referenced file along with the endorsed note, recorded mortgage, and recorded assignment
of mortgage. GMAC Mortgage, LLC's previously-sent response is enclosed as well. If you have
any questions, please contact GMAC Mortgage, LLC.

Sincerely,

ORLANS ASSOCIATES, P.C.

Enclosures

# EXHIBIT

# 4

Jay De Boyer Register Of Deeds
St Clair County, Michigan

| Rec | $10.00 | |
|---|---|---|
| Remon | $4.00 | Recorded |
| Tax Crt | $0.00 | March 27, 2012  01:05:41 PM |

Liber 4237 Page 756-756
Receipt # 8974    R.mfg#201200679?



Seal

Liber 4237 Page 756

RECEIVED   MAR 2 / 2012

MIN: 100013800897442394

## ASSIGNMENT OF MORTGAGE

MERS PHONE: 1-888-679-6377

FOR VALUE RECEIVED, the undersigned, Mortgage Electronic Registration Systems, Inc., as nominee for GreenPoint Mortgage Funding, Inc., it's successors and/or assigns, located at P.O. Box 2026 Flint, MI 48501, hereby grants, assigns and transfers to GMAC Mortgage, LLC, 1100 Virginia Drive, P.O. Box 8300, Fort Washington, Pennsylvania 19034, all its rights, title and interest in and to that certain real estate mortgage dated June 5, 2006 made by P. J. Cotter, a single man, to Mortgage Electronic Registration Systems, Inc., as nominee for GreenPoint Mortgage Funding, Inc., it's successors and/or assigns, in the amount of $208,000 and recorded on June 14, 2006 in the St. Clair County Register of Deeds Office at Liber 3569, Page 384, described as follows:

Situated   in   the   Township   of   Ira,   St.   Clair   County,   Michigan:

The South 1/2 of the South 1/2 of the South 1/2 of the Northwest 1/4 of Section 4, Town 3 North, Range 15 East, Ira Township, St. Clair County, Michigan.

Commonly known as: 6243 Church Street, Ira, MI 48023

Tax ID 23-004-1014-000

DATE: _____3-26-12_____

Mortgage Electronic Registration Systems, Inc., as nominee for GreenPoint Mortgage Funding, Inc., it's successors and/or assigns

By: _____ Tyrone Thorogood

Its: ___Assistant Secretary___

STATE OF Pennsylvania            )
                                 ) ss.
COUNTY OF Montgomery             )

The foregoing instrument was acknowledged before me this 20 day of ___March___, 2012, by Tyrone Thorogood, its Assistant Secretary of Mortgage Electronic Registration Systems, Inc., as nominee for GreenPoint Mortgage Funding, Inc., it's successors and/or assigns.

_____
State of Pennsylvania   Notary Public  Christine Morales
County, Montgomery
My Commission Expires: _____
Acting in Montgomery County

Drafted by and when recorded return to:
Nakia Robinson
Attorney at Law
Orlans Associates PC
P.O. Box 5041
Troy, MI 48007                    Orlans File No. 703.1727

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
CHRISTINE MORALES

# EXHIBIT

# 5



**6B** TIMES HERALD, PORT HURON, MICHIGAN    www.TheTimesHer

## Saturn

2008 SATURN VUE
Front-Wheel Drive,
Loaded. Only 41,000 Miles,
Extra Clean!
$15,995
WWW.KOPPENZIGMOTORS.COM
3765 PINE GROVE AVE
FORT GRATIOT, MI
987-7383

## Trucks

1984 CHEVROLET SHORT
box pickup from Kentucky.
No restore or drive as is.
$3000. 810-689-8483.

1988 CHEVROLET S-10
short-box from Texas. Flat
floor, rust free. $4500. Might
trade. 810-689-8483.

CHEVY 1995 Z-71, Ext Cab,
178, 235,700 mi, loaded,
runs great, clean int,
$3900. 810-814-8534

## Automobiles Wanted

ABSOLUTELY ALL JUNK AU-
TOS WANTED. Top dollar
paid! Same-day service.
Call 810-388-4422.

WANT to buy... handicap
van or vehicle with low
mileage. 810-420-0290

## Legals

## Legals

Notice of Mortgage Foreclo-
sure Sale
THIS FIRM IS A DEBT COL-
LECTOR ATTEMPTING TO
COLLECT A DEBT. ANY IN-
FORMATION WE OBTAIN
WILL BE USED FOR THAT
PURPOSE. PLEASE CONTACT
OUR OFFICE AT THE NUM-
BER BELOW IF YOU ARE IN
ACTIVE MILITARY DUTY.
ATTN PURCHASERS: This
sale may be rescinded by
the foreclosing mortgagee.
In that event, your damages,
if any, shall be limited solely
to the return of the bid
amount tendered at sale,
plus interest.
MORTGAGE SALE - Default
has been made in the condi-
tions of a mortgage made
by Stephanie Bolton and
Danny Bolton, husband and
wife, original mortgagor(s),
to Bank of America, N.A.,
Mortgagee, dated June 1,
2009, and recorded on June
18, 2009, in Liber 2936, on
Page 434, in Saint Clair
county records, Michigan,
on which mortgage there is
claimed to be due at the
date hereof the sum of
Sixty-Four Thousand Two
Hundred Thirty-nine and
35/100 Dollars ($64,239.35).
Under the power of sale
contained in said mortgage
and the statute in such case
made and provided, notice
is hereby given, that said
mortgage will be foreclosed
by a sale of the mortgaged
premises, or some part of
them, at public venue, at
the place of holding the cir-
cuit court within Saint Clair
County, at 11:00 PM, on Nov
15, 2012.
Said premises are situated
in Port Huron Twp, Saint
Clair County, Michigan, and
are described as: Lot 18,
Block 4, Rivard Park
Heights, according to the
Recorded Plat Thereof As
Recorded In Liber 16, Page 5
of Plats, St Clair County Re-
cords.
The redemption period shall
be 6 months from the date
of such sale, unless deter-
mined abandoned in accord-
ance with MCLA 600.3241a,
in which case the redemp-
tion period shall be 30 days
from the date of such sale.
Dated: October 11, 2012
For more information,
please call:
Trott & Trott, P.C.

# EXHIBIT

# 6





February 13, 2012

## NOTICE AND DEMAND TO VALIDATE DEBT CLAIM

P-J: Cotter,
Authorized Representative for
P J COTTER
6243 Church Road
Fair Haven, Michigan

ORLANS ASSOCIATES, P. C.
P O BOX 5041
TROY, MI48007-5041

REF: Your correspondence of February 7, 2012, unsigned, received February 9, 2012
purporting to allege a debt claimed by ORLANS ASSOCIATES, P.C.
Alleged Debt: File Number: 703.1727

This is an offer to fully pay/discharge the claim of alleged debt on the condition that the
claiming parties comply with this notice within 30 days of receipt of this correspondence

### NOTICE OF CLAIM DISPUTE
### NOTICE TO AGENT IS NOTICE TO PRINCIPAL
### NOTICE TO PRINCIPAL IS NOTICE TO AGENT
### APPLICABLE TO ALL SUCCESSORS AND ASSIGNS

*******SILENCE IS ACQUIESCENCE*******

### NOTICE AND DEMAND TO CEASE AND DESIST COLLECTION ACTIVITIES PRIOR
### TO VALIDATION/VERIFICATION OF PURPORTED DEBT





Pursuant to the truth in lending laws of the United States Code, Title 15 § 1601 et. seq. and the Fair Debt Collection Practices Act laws of the United States Code § 1692 et. seq.

This notice constitutes a timely written response to your Fair Debt Collection Practices Act notice that you are attempting to collect an alleged debt and is not a dishonor of your alleged claim of debt.

This notice is my, required by law, demand to "cease and desist" collection activities prior to validation/verification of purported alleged debt and you must validate the enclosed claim of an alleged debt. You must provide verification that an actual alleged debt really exists by producing the following:

(1) The legal name and address of all business(s), corporation(s), llc(s) etc. alleging a claim of any alleged debt.

(2) The name of the actual lawful creditor even if that is myself.

(3) Please provide a validation of your Power Of Attorney authorizing your representation for all business(s), corporation(s), llc(s) etc. alleging a claim of an alleged debt.

(4) Please provide validation of your Bond allowing your collection of securities in this state and all states for all business(s), corporation(s), llc(s) etc. alleging a claim of an alleged debt.

(5) Please provide validation of your license to practice business in this State.

(6) Please provide validation of your corporate charter to practice business in this State.

(7) Validation of the origin of the funds used to create this alleged debt for all business(s), corporation(s), llc(s) etc. alleging a claim of an alleged debt.

(8) Please provide validation of all EIN(s) in order to issue proper IRS forms to all business(s), corporation(s), llc(s) etc.

(9) Validate the CUSIP number for the original application and all subsequent CUSIP numbers from any transactions associated with this alleged debt.

orlans 2-13-12 2263

 

(10) Validate the actual records for all business(s), corporation(s) ,llc(s) etc. alleging a claim of an alleged debt, showing the time and place of the deposit and distribution of the funds used to create this alleged claim of debt.

(11) Validate the actual records for all business(s), corporation(s), llc(s) etc. alleging a claim of a debt, showing that an actual loan was made from the business(s), corporation(s), llc(s) etc. own funds that resulted in the alleged claim of an alleged debt.

(12) Validate the actual records for all business(s), corporation(s), llc(s) etc. alleging a claim of an alleged debt, with a live signature on any and all document/instrument(s) used to allege the existence of a real loan of funds or an alleged debt from any business(s), corporation(s), llc(s) etc. to myself or anyone else by a similar name using General Accepted Accounting Principles (GAAP).

(13) Validate the actual records for all business(s), corporation(s), llc(s) etc. alleging a claim of an alleged debt, showing that an honest disclosure of facts relating to the alleged loan was made by any entity in compliance with the truth in lending laws of the United States Code, Title 15 § 1601 et. seq. and Regulation Z.

(14) Validate the actual records for all business(s), corporation(s), llc(s) etc. alleging a claim of aa alleged debt, showing any and all document/instrument(s) containing my Original signature(s) were not negotiated or pledged by any entity against my credit to create the funds used for the appearance of an alleged debt and resulting in this alleged claim of debt.

(15) The person that prepares and swears to the validation/verification of debt must describe: 1) your job description on a daily basis; 2) if you are the regular keeper of those books and records and are familiar with how they are kept and their contents; 3) how long have you been in your position; 4) when did you first come in contact with the alleged account/debt; 5) how frequently do you work with the files and information they are presenting to verify/validate the alleged debt; 6) are you the person/employee who regularly works with the alleged account/debt; and 7) do you have personal knowledge about the alleged debt and/or any alleged account.

15 U.S.C. § 1692 (e) states that a "false, deceptive, and misleading representation, in connection with the collection of any debt," includes the false representation of the character or legal status of any debt and further makes a threat to take any action that cannot legally be taken a deceptive practice.

Pursuant to 15 U.S.C. § 1692 (g) (4) Validation/verification of Debts, if you have evidence to validate your claim that the attached presentment does not constitute fraudulent misrepresentation and that one owes this alleged debt, this is a demand that,





within 30 days, you provide such verification/validation/verification and supporting evidence signed and certified under penalty of perjury to substantiate your claim. Until the requirements of the Fair Debt Collection Practices Act have been complied with and your claim is verified, you have no consent to continue any collection activities.

This is a constructive notice that, absent the validation/verification of your claim within 30 days, you must "cease and desist" any and all collection activity and are prohibited from contacting me through the mail, by telephone, in person, at my home, or at my work. You are further prohibited from contacting any other third party. Each and every attempted contact, in violation of this act, will constitute harassment and defamation of character and will subject your agency and/or attorney and any and all agents in his/her individual capacities, who take part in such harassment, and defamation, to a liability for actual damages, as well as <u>statutory damages of up to $1,000 for each and every violation</u>, and a further liability for legal fees to be paid to any counsel which I may retain. Further, absent such validation/verification of your claim, you are prohibited from filing any notice of lien and/or levy or judgment and are also barred from reporting any derogatory credit information to any credit reporting agency, regarding this disputed purported debt.

Further, pursuant to the <u>Fair Debt Collection Practices Act</u>, 15 U.S.C. § 1692 (g) (8), as you are merely an "agency" or other governmental unit of the United States, acting on someone else's behalf, this is a demand that you provide the name of the original "principal", or "holder in due course", for whom you are attempting to collect this alleged debt.

Please take notice that this is a criminal investigation of the business practices of the above named business(s), corporation(s), llc(s) etc., its agents, officers, employees and attorney to determine violations of the United States criminal laws. Your enclosed claim of collection of a purported debt appears to be founded upon a false record in violation of U.S.C. Title 18 § 2071 and 2073 (falsifying records) and further; uttering and possessing false obligations and counterfeit securities based upon the falsified records in violation of U.S.C. Title 18 § 471, 472, 473 and/or 513, and further: using corrupt business practices to make and possess false records and claim of obligation, not substantiated by truthful facts in violation of the Federal Racketeer Influences and Corrupt Organization (RICO), U.S.C. Title 18 § 1961 et. seq. and further: using the U.S. Mail to present such fraud and false instruments amounting to Mail Fraud, criminal conduct falling under Title 18 U.S.C. § 1341 – Frauds and Swindles laws, and further sending mail with false and fictitious names, a criminal conduct falling under Title 18 U.S.C. § 1842 – Fictitious Names.

orlans 2-13-12 2263





### TAKE NOTICE

Debt Collector's failure in providing Respondent with the requisite verification, of all the above referenced alleged debt within the requirements of law as codified in the Fair Debt Collection Practices Act, Fair Credit Reporting Act and the corresponding laws of each state, signifies that Debt Collector tacitly agrees that:

a.  Debt Collector has no lawful, bona fide, verified claim, re the above-referenced alleged account;
b.  Debt Collector waives any and all claims against Respondent and
c.  Debt Collector tacitly agrees that Debt Collector will compensate Respondent for all costs, fees and expenses incurred in defending against this and any and all continued collection attempts, re the above-referenced alleged account.
d.  Failure of Debt Collector to properly and legally verify alleged debt as required in this notice is a self executing irrevocable power of attorney authorizing Respondent named herein to direct the permanent removal, on behalf of the alleged Creditor, business(s), corporation(s), llc(s) etc. of any and all references to said account in any and all credit reporting agency files of any type.
e.  Also note, that selling (or otherwise transferring) this account [debt collection attempt] prior to validation/verification may constitute fraud and may result in a federal criminal complaint under the Racketeer Influenced and Corrupt Organizations Act (RICO) listing ASSET ACCEPTANCE, LLC as co-conspirators.

This response will constitute my effort to resolve this on-going debt claim between all parties involved. Until full disclosure is achieved, there can be no case, collection or action. "No civil or criminal cause of action can arise lest, out of fraud, there be a valid, honest contract." See *Eads v. Marks* 249 P. 2d 257, 260.

NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT
NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL
Applicable to all successors and assigns
my paperwork will do all my talking for me
*Silence is Acquiescence/Agreement/Dishonor*
Nunc pro tunc

Dated this February 13, 2012 AD.

By: _P-J Cotter_

P J Cotter
U.D. UCC1-308, Without Prejudice

Cc:      file
         legal
         as required

orlans 2-13-12 2263



I declare under penalties of perjury in accordance with the laws of the United States of America (without the "United States") Title 28 U.S.C. § 1746(1) the forgoing is true and correct and is admitted when not rebutted, so help me.

BY: _P·J·Cotter_____
P·J:Cotter

STATE OF MICHIGAN    )
                       )    JURAT
COUNTY OF SAINT CLAIR  )

Subscribed and sworn to before me, a Notary Public, this 13th day of February .2012, upon satisfactory evidence to the identity of the affiant subscribed and sworn above.

_Anna Pruess Hill_____
NOTARY PUBLIC

Print _Anna M. Pruss Hill_____

Date _FEB 13, 2012_____


My Commission expires: _Cunne 24_____, 20_13_

(Seal)

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ORLANS ASSOCIATES, P. C
P O BOX 5041
TROY, MI
          48007-5041

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent
                            ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☑ No

MICHIGAN 48099-9999
FEB 15 2012

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)        7004 2890 0000 5949 2263

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540



# EXHIBIT

# 7

# 15 USC § 1692g - Validation of debts

I5 USC §1692g – Validation of Debts
I5 USC §1692g a) **Notice of debt; contents**

**a) Notice of debt; contents**

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

# EXHIBIT

# 8

April 13, 2012

> P-J: Cotter,
> Authorized Representative for
> P J COTTER
> 6243 Church Road
> Fair Haven, Michigan

ORLANS ASSOCIATES, P. C.
P O BOX 5041
TROY, MI48007-5041

Reference:

February 13, 2012

## NOTICE AND DEMAND TO VALIDATE DEBT CLAIM

> P-J: Cotter,
> Authorized Representative for
> P J COTTER
> 6243 Church Road
> Fair Haven, Michigan

ORLANS ASSOCIATES, P. C.
P O BOX 5041
TROY, MI48007-5041

REF: Your correspondence of February 7, 2012, unsigned, received February 9, 2012 purporting to allege a debt claimed by ORLANS ASSOCIATES, P.C.
    Alleged Debt: File Number: 703.1727

This is an offer to fully pay/discharge the claim of alleged debt on the condition that the claiming parties comply with this notice within 30 days of receipt of this correspondence.

<u>NOTICE OF CLAIM DISPUTE</u>
<u>NOTICE TO AGENT IS NOTICE TO PRINCIPAL</u>
<u>NOTICE TO PRINCIPAL IS NOTICE TO AGENT</u>
<u>APPLICABLE TO ALL SUCCESSORS AND ASSIGNS</u>

*******SILENCE IS ACQUIESCENCE*******

<u>NOTICE AND DEMAND TO CEASE AND DESIST COLLECTION ACTIVITIES PRIOR TO
VALIDATION/VERIFICATION OF PURPORTED DEBT</u>

To Whom It May Concern:

The referenced Validation of Debt has not been responded to as of April 13, 2012.

Thank you in advance for your attention to this urgent matter.

> NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT
> NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL
> Applicable to all successors and assigns
> my paperwork will do all my talking for me
> *Silence is Acquiescence/Agreement/Dishonor*
> Nunc pro tunc
> VOID WHERE PROHIBITED BY LAW
> Under Reserve, UCC 1-308
> Dated this April 13, 2012 AD.
>
> By: *P-J: Cotter*
>
>
> P-J:Cotter
> Authorized Representative for
> P J COTTER

Cc:    file
       legal
       as required

orlansvod4-13-12

# EXHIBIT

# 9

June 13, 2012


P-J: Cotter,
Authorized Representative for
P J COTTER
6243 Church Road
Fair Haven, Michigan


ORLANS ASSOCIATES, P. C.
P O BOX 5041
TROY, MI48007-5041

Reference:

February 13, 2012

## NOTICE AND DEMAND TO VALIDATE DEBT CLAIM


P-J: Cotter,
Authorized Representative for
P J COTTER
6243 Church Road
Fair Haven, Michigan


ORLANS ASSOCIATES, P. C.
P O BOX 5041
TROY, MI48007-5041

REF: Your correspondence of February 7, 2012, unsigned, received February 9, 2012
purporting to allege a debt claimed by ORLANS ASSOCIATES, P.C.
    Alleged Debt: File Number: 703.1727


This is an offer to fully pay/discharge the claim of alleged debt on the condition that the claiming
parties comply with this notice within 30 days of receipt of this correspondence.


orlansvod-6-13-12                                                          Page 1 of 2

NOTICE OF CLAIM DISPUTE
NOTICE TO AGENT IS NOTICE TO PRINCIPAL
NOTICE TO PRINCIPAL IS NOTICE TO AGENT
APPLICABLE TO ALL SUCCESSORS AND ASSIGNS

*******SILENCE IS ACQUIESCENCE*******

NOTICE AND DEMAND TO CEASE AND DESIST COLLECTION ACTIVITIES PRIOR TO
VALIDATION/VERIFICATION OF PURPORTED DEBT

To Whom It May Concern:

The referenced Validation of Debt has not been responded to as of June 13, 2012.

You were previously notified of this fact on April 13, 2012

Thank you in advance for your attention to this urgent matter.

NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT
NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL
Applicable to all successors and assigns
my paperwork will do all my talking for me
*Silence is Acquiescence/Agreement/Dishonor*
Nunc pro tunc
VOID WHERE PROHIBITED BY LAW
Under Reserve, UCC 1-308
Dated this June 13, 2012 AD.

By: *P-J: Cotter*

P-J:Cotter
Authorized Representative for
P J COTTER

Enclosure:(1)

Cc:    file
       legal
       as required

# EXHIBIT

# 10

August 13, 2012

P-J: Cotter,
Authorized Representative for
P J COTTER
6243 Church Road
Fair Haven, Michigan

ORLANS ASSOCIATES, P. C.
P O BOX 5041
TROY, MI48007-5041

Reference:

February 13, 2012

### NOTICE AND DEMAND TO VALIDATE DEBT CLAIM

P-J: Cotter,
Authorized Representative for
P J COTTER
6243 Church Road
Fair Haven, Michigan

ORLANS ASSOCIATES, P. C.
P O BOX 5041
TROY, MI48007-5041

REF: Your correspondence of February 7, 2012, unsigned, received February 9, 2012 purporting to allege a debt claimed by ORLANS ASSOCIATES, P.C.
     Alleged Debt: File Number: 703.1727

<u>This is an offer to fully pay/discharge the claim of alleged debt on the condition that the claiming parties comply with this notice within 30 days of receipt of this correspondence.</u>

Page 1 of 2

NOTICE OF CLAIM DISPUTE
NOTICE TO AGENT IS NOTICE TO PRINCIPAL
NOTICE TO PRINCIPAL IS NOTICE TO AGENT
APPLICABLE TO ALL SUCCESSORS AND ASSIGNS

*******SILENCE IS ACQUIESCENCE*******

NOTICE AND DEMAND TO CEASE AND DESIST COLLECTION ACTIVITIES PRIOR TO
VALIDATION/VERIFICATION OF PURPORTED DEBT

To Whom It May Concern:

The referenced Validation of Debt has not been responded to as of August 13, 2012.

You were previously notified of this fact on April 13, 2012 and June 13, 2012

Thank you in advance for your attention to this urgent matter.

NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT
NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL
Applicable to all successors and assigns
my paperwork will do all my talking for me
*Silence is Acquiescence/Agreement/Dishonor*
Nunc pro tunc
VOID WHERE PROHIBITED BY LAW
Under Reserve, UCC 1-308
Dated this August 13, 2012 AD.

By: *P-J:Cotter*

P-J:Cotter
Authorized Representative for
P J COTTER

Enclosure:(1)

Cc:   file
      legal
      as required

Page 2 of 2

# EXHIBIT

# 11

March 7, 2012 AD

                                        P-J: Cotter
                                        Authorized Representative for
                                        P J COTTER
                                        9828 DIXIE HWY.
                                        #131
                                        ANCHORVILLE, MI. 48004

ORLANS ASSOCIATES, P. C.
P O BOX 5041
TROY, MI48007-5041


Reference:     QUALIFIED WRITTEN REQUEST (QWR)
               PUBLIC LAW 111–203—JULY 21, 2010




DODD-FRANK WALL STREET REFORM AND
CONSUMER PROTECTION ACT

PUBLIC LAW 111–203—JULY 21, 2010          124 STAT. 2021


orlans-qwr-3-7-12

To Whom It May Concern:

As Authorized Agent for GMAC MORTGAGE, LLC et al I am sending you a copy of the QWR pursuant to the referenced PUBLIC LAW 111-203 July 21, 2010 that was sent to Pennsylvania and Iowa offices via United States Postal Service on March 7, 2012.

I thank you in advance for your attention to this urgent matter.

NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT
NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL
Applicable to all successors and assigns
my paperwork will do all my talking for me
*Silence is Acquiescence/Agreement/Dishonor*
Nunc pro tunc

Dated this March 7, 2012 AD.

By: *P-J. Cotter*
P-J: Cotter
Authorized Representative for
P J COTTER
U.D. UCC1-308, Without Prejudice

Enclosure: (23 pages)

Cc:     file
        legal
        as required

orlans-qwr-3-7-12



P-J-Cotter
Authorized Representative for
P J COTTER
6243 Church Road
Fair Haven, Michigan

GMAC MORTGAGE, LLC
1100 VIRGINIA DRIVE
FORT WASHINGTON, PA 19034

Attention: Steve Abreu\or Assignee

Reference: ORLAN ASSOCIATE File Number 703.1727 (pages 22, 23 of
23)

## QUALIFIED WRITTEN REQUEST, COMPLAINT, DISPUTE OF DEBT AND VALIDATION OF DEBT LETTER, TILA REQUEST

This letter is a "qualified written request" in compliance with and under the Real Estate Settlement Procedures Act, 12 U.S.C. Section 2605(e).

To Whom It May Concern:

I am writing to you, as the Respondeat Superior, for concise validation of the accounting and servicing of this alleged mortgage\loan\note and my need for understanding, validation and clarification of various sale, transfer, funding source, legal and beneficial ownership, charges, credits, debits, transactions, reversals, actions, payments, analyses and records related to the servicing of this account from its origination to the present date.

To date, the documents and information I have, that have been sent me and the conversations with your service representatives have been unproductive and have not answered my concerns and questions.

boa3-7-12 2324

Needless to say, I am very concerned. With all the news lately regarding the stories of predatory lending, you have left me feeling that there is something you am trying to hide. I worry that potential fraudulent and deceptive practices by unscrupulous alleged mortgage\loan\note brokers; sales and transfers of alleged mortgage\loan\note servicing rights; deceptive and fraudulent servicing practices to enhance balance sheets; deceptive, abusive and fraudulent accounting tricks and practices may have also negatively affected any credit rating, alleged mortgage\loan\note account and/or the debt or payments that I am currently, or may be legally obligated to.

I hereby demand absolute validated 1st hand evidence from you of the original uncertificated or certificated security regarding ORLAN ASSOCIATE File Number 703.1727 (pages 22, 23 of 23). In the event you do not supply me with the very security it will be a positive confirmation on your part that you never really created, serviced or owned one.

I also hereby demand that a chain of transfer from you to wherever the security is now be promptly sent to me as well. Absent the actual evidence of the security I have no choice but to dispute the validity of your lawful ownership, funding, entitlement right, and the current alleged debt you say I owe. By alleged debt I am referring to the principal balance you claim I owe; the calculated monthly payment, calculated escrow payment and any fees claimed to be owed by you or any trust or entity you may service or sub-service for.

To independently validate this debt, I need to conduct a complete exam, audit, review and accounting of this alleged mortgage\loan\note account from its inception through the present date. Upon receipt of this letter, please refrain from reporting any negative credit information (if any) to any credit-reporting agency until you respond to each of the requests.

I also request that you conduct your own investigation and audit of this account since its inception to validate the alleged debt you currently claim I owe. I would like you to validate the alleged debt so that it is accurate to the penny!

Please do not rely on previous servicing companies or originators records, assurances or indemnity agreements and refuse to conduct a full audit and investigation of this account.

boa3-7-12 2324

I understand that potential abuses by you or previous servicing companies could have deceptively, wrongfully, unlawfully, and/or illegally:
Increased the amounts of alleged monthly payments;
Increased the principal balance I allegedly owe;
Increased the alleged escrow payments;
Increased the alleged amounts applied and attributed toward interest on this alleged account;

Decreased the proper amounts applied and attributed toward the principal on this alleged account; and/or

Assessed, charged and/or collected fees, expenses and miscellaneous charges I am not legally obligated to pay under this alleged mortgage\loan\note.

I request you insure that I have not been the victim of such predatory servicing and lending practices.

To insure this, I have authorized a thorough review, examination, accounting and audit of the alleged mortgage\loan\note of ORLAN ASSOCIATE File Number 703.1727 (pages 22, 23 of 23) by alleged mortgage\loan\note auditing and predatory servicing or lending experts. This exam and audit will review this alleged mortgage\loan\note account file from the date of initial contact, application and the origination of this account to the present date written above.

Again, this is a Qualified Written Request under the Real Estate Settlement Procedures Act, codified as Title 12 section 2605(e) of the United States Code as Ill as a request under the Truth in Lending Act 15 U.S.C. section 1601. RESPA provides substantial penalties and fines for non-compliance or failure to answer my questions provided in this letter within sixty (60) days of its receipt.

In order to conduct the examination and audit of this alleged loan, I need to have full and immediate disclosure including copies of all pertinent information regarding this alleged loan. The documents requested and answers to my questions are needed by myself and others to ensure that this alleged loan:

boa3-7-12 2324

Was originated in lawful compliance with all federal and state laws, regulations including, but not limited to Title 62 of the Revised Statutes, RESPA, TILA, Fair Debt Collection Practices Act, HOEPA and other laws;

2- That the origination and/or any sale or transfer of this alleged account or monetary instrument, was conducted in accordance with proper laws and was a lawful sale with complete disclosure to all parties with an interest;

3- That you disclose the claimed holder in due course of the alleged monetary instrument/deed of trust/asset is holding such note in compliance with statutes, State and Federal laws and is entitled to the benefits of payments;

4- That all good faith and reasonable disclosures of transfers, sales, Power of Attorney, monetary instrument ownership, entitlements, full disclosure of actual funding source, terms, costs, commissions, rebates, kickbacks, fees etc. were and still are properly disclosed to me, including but not limited to the period commencing with the alleged original loan solicitation through and including any parties, instruments, assignments, letters of transmittal, certificates of asset backed securities and any subsequent transfer thereof;

5- That each servicers and/or sub-servicers of this alleged mortgage\loan\note who has serviced this alleged mortgage\loan\note in accordance with statute, laws and the terms of alleged mortgage\loan\note, monetary instrument/deed of trust, including but not limited to all accounting or bookkeeping entries commencing with the original alleged loan solicitation through and including any parties, instruments, assignments, letters of transmittal, certificates of asset backed securities and any subsequent transfer thereof;

6- That each servicers and/or sub-servicers of this alleged mortgage\loan\note who has serviced this alleged mortgage\loan\note in compliance with local, state and federal statutes, laws and regulations commencing with the original loan solicitation through and including any parties, instruments, assignments, letters of transmittal, certificates of asset backed securities and any subsequent transfer thereof;;

7- That this alleged mortgage\loan\note account has been credited, debited, adjusted, amortized and charged correctly and disclosed fully commencing with the original alleged loan solicitation through and including any parties, instruments, assignments, letters of transmittal, certificates of asset backed securities and any subsequent transfer thereof;

box3-7-12 2324



8- That interest and principal have been properly calculated and applied to this alleged loan;

9- That any alleged principal balance has been properly calculated, amortized and accounted for;

10- That no charges, fees or expenses, not obligated by me in any agreement, have been charged, assessed or collected from this alleged account or any other related account arising out of the subject alleged loan transaction.

11- In order to validate this debt and audit this alleged account, I need copies of pertinent documents to be provided to me. I also need answers, certified, in writing, to various servicing questions. For each record kept on computer or in any other electronic file or format, please provide a paper copy of all information in each field or record in each computer system, program or database made by you that contains any information on this account or my name.

As such, please send to me, at the address above, copies of the documents requested below as soon as possible. Please also provide copies, front and back, of the following documents regarding ORLAN ASSOCIATE File Number 703.1727 (pages 22, 23 of 23);

1 - Any certificated or uncertificated security used for the funding of this alleged account;

2- Any and all "Pool Agreement(s)" or "servicing agreements" between the nominal lender at the alleged loan closing and any party or parties who could claim an interest in the alleged loan closing or documents pertaining thereto and any government sponsored entity, hereinafter GSE or other party;

3- Any and all "Deposit Agreement(s)" between the nominal lender at the alleged loan closing and any party or parties who could claim an interest in the alleged loan closing or documents pertaining thereto and any GSE or other party;

4- Any and all "Servicing Agreement(s)" between the nominal lender at the alleged loan closing and any party or parties who could claim an interest in the alleged loan closing or documents pertaining thereto and any GSE or other party;

5- Any and all "Custodial Agreement(s)" between the nominal lender at the alleged loan closing and any party or parties who could claim an interest in the alleged loan closing or documents pertaining thereto and any GSE or other party;

boa3-7-12 2324

6- Any and all "Master Purchasing Agreement(s)" between the nominal lender at the alleged loan closing and any party or parties who could claim an interest in the alleged loan closing or documents pertaining thereto and any GSE or other party;

7- Any and all "Issuer Agreement(s)" between the nominal lender at the alleged loan closing and any party or parties who could claim an interest in the alleged loan closing or documents pertaining thereto and any GSE or other party;

8- Any and all "Commitment to Guarantee" agreement(s) between the nominal lender at the alleged loan closing and any party or parties who could claim an interest in the alleged loan closing or documents pertaining thereto and any GSE or other party;

9- Any and all "Release of Document" agreement(s) between the nominal lender at the alleged loan closing and any party or parties who could claim an interest in the alleged loan closing or documents pertaining thereto and any GSE or other party;

10- Any and all "Master Agreement for Servicer's Principal and Interest Custodial Account" between the nominal lender at the alleged loan closing and any party or parties who could claim an interest in the alleged loan closing or documents pertaining thereto and any GSE or other party;

11- Any and all "Servicer's Escrow Custodial Account" between the nominal lender at the alleged loan closing and any party or parties who could claim an interest in the alleged loan closing or documents pertaining thereto and any GSE or other party;

12- Any and all "Release of Interest" agreement(s) between the nominal lender at the alleged loan closing and any party or parties who could claim an interest in the alleged loan closing or documents pertaining thereto and any GSE or other party;

13- Any Trustee agreement(s) between the nominal lender at the alleged loan closing and any party or parties who could claim an interest in the alleged loan closing or documents pertaining thereto and trustee(s) regarding this alleged account or pool accounts with any GSE or other party;

Please also send me copies, front and back, of:

1- Any documentation evidencing any trust relationship regarding the alleged mortgage\loan and any Note in this matter;

2- Any and all document(s) establishing any Trustee of record for the alleged mortgage\loan and any Note;

boa3-7-12 2324                                    Page 0 of 23

Any and all document(s) establishing the date of any appointment of Trustee Mortgage/Deed of Trust and any Note, including any and all assignments or transfers or nominees of any substitute trustees(s);

4. Any and all document(s) establishing any Grantor for this alleged mortgage\loan and any Note;

5. Any and all document(s) establishing any Grantee for this alleged mortgage\loan and any Note;

6. Any and all document(s) establishing any Beneficiary for this alleged mortgage\loan\ and any Note;

7. Any documentation evidencing the alleged mortgage\loan\ is not a constructive trust or any other form of trust;

8. All data, information, notations, text, figures and information contained in your alleged mortgage\loan\note servicing and accounting computer systems including, but not limited to Alltel or Fidelity CPI system, or any other similar mortgage\loan\note servicing software used by you, any servicers, or sub-servicers of this alleged mortgage\loan\note account from the inception of this alleged account to the date written above.

9. All descriptions and legends of all Codes used in your mortgage\loan\note servicing and accounting system so the examiners and auditors and experts retained to audit and review this alleged mortgage\loan\note account may properly conduct their work.

10. All assignments, transfers, allonge, or other documents evidencing a transfer, sale or assignment of this alleged mortgage\loan\note, deed of trust, monetary instrument or other document that secures payment by me to this obligation in this alleged account from the inception of this alleged account to the present date including any such assignment on MERS (Mortgage Electronic Registration System).

11. All records, electronic or otherwise, of assignments of this alleged mortgage\loan\note, monetary instrument or servicing rights to this alleged mortgage\loan\note including any such assignments on MERS (Mortgage Electronic Registration System).

12. All deeds in lieu, modifications to this alleged mortgage\loan\note , monetary instrument or deed of trust from the inception of this alleged account to the present date.

13. The front and back of each and every canceled check, money order, draft, debit or credit notice issued to any servicers of this alleged account for payment of any monthly payment, other payment, escrow charge, fee or expense on this alleged account.

14. All escrow analyses conducted on this alleged account from the inception of this alleged account until the date of this letter.



boa3-7-12 2324

15. The front and back of each and every canceled check, draft or debit notice issued for payment of closing costs, fees and expenses listed on any and all disclosure statements including, but not limited to, appraisal fees, inspection fees, title searches, title insurance fees, credit life insurance premiums, hazard insurance premiums, commissions, attorney fees, points, etc.

16. Front and back copies of all payment receipts, checks, money orders, drafts, automatic debits and written evidence of payments made by others or me on this alleged account.

17. All letters, statements and documents sent to me by your company.

18. All letters, statements and documents sent to me by agents, attorneys or representatives of your company.

19. All letters, statements and documents sent to me by previous servicers, sub-servicers or others in your alleged account file or in your control or possession or in the control or possession of any affiliate, parent company, agent, sub-servicers, servicers, attorney or other representative of your company.

20. All letters, statements and documents contained in this alleged account file or imaged by you, any servicers or sub-servicers of this alleged mortgage\loan\note from the inception of this alleged account to the present date.

21. All electronic transfers, assignments and sales of the alleged note/asset, alleged mortgage\loan, deed of trust or other security instrument.

22. All copies of property inspection reports, appraisals, BPOs and reports done on my property.

23. All invoices for each charge such as inspection fees, BPOs, appraisal fees, attorney fees, insurance, taxes, assessments or any expense which has been charged to this alleged mortgage\loan\note account from the inception of this alleged account to the present date.

24. All checks used to pay invoices for each charge such as inspection fees, BPOs, appraisal fees, attorney fees, insurance, taxes, assessments or any expense which has been charged to this alleged account from the inception of this alleged account to the present date.

25. All agreements, contracts and understandings with vendors that have been paid for any charge on this alleged account from the inception of this alleged account to the present date.

26. All alleged account servicing records, payment payoffs, payoff calculations, ARM audits, interest rate adjustments, payment records, transaction histories, account histories, accounting records, ledgers, and

boa3-7-12 2324

documents that relate to the accounting of this alleged account from the inception of this alleged account to the present date.

27- All alleged account servicing transaction records, ledgers, registers and similar items detailing how this alleged account has been serviced from the inception of this alleged account to the present date.

28- Further, in order to conduct the audit and review of this alleged account, and to determine all proper amounts due, I need the following answers to questions concerning the servicing and accounting of this alleged mortgage\loan\note account from its inception to the present date. Accordingly, please provide me, in writing, the answers to the following questions:

**In regards to Account Accounting and Servicing Systems:**

1- Please identify for me each account accounting and servicing system used by you and any sub-servicers or previous servicers from the inception of this alleged account to the present date so that experts can decipher the data provided.

2- For each account accounting and servicing system identified by you and any sub-servicers or previous servicers from the inception of this alleged account to the present date, please provide the name and address of the company that designed and sold the system.

3- For each account accounting and servicing system used by you and any sub-servicers or previous servicers from the inception of this alleged account to the present date, please provide the complete transaction code list for each system so that I, and others can adequately audit this alleged account.

**In regards to Debits and Credits:**

1- In a spreadsheet form or in letter form in a columnar format, please detail for me each and every credit on this alleged account from the date such credit was posted to this alleged account as well as the date any credit was received.

2- In a spreadsheet form or in letter form in a columnar format, please detail for me each and every debit on this alleged account from the date such debit was posted to this alleged account as Ill as the date any debit was received.

3- For each debit and credit listed, please provide me with the definition for each corresponding transaction code you utilize.

4- For each transaction code, please provide the master transaction code list used by you or previous servicers.

**In regards to alleged mortgage\loan\note and Assignments:**

boa3-7-12 2324

Has each sale, transfer or assignment of this alleged mortgage\loan\note, monetary instrument, deed of trust or any other instrument I executed to secure this alleged debt been recorded in the county property records in the county and state in which my property is located from the inception of this alleged account to the present date? Yes or No?

2- If not, why?

3- Is your company the servicer of this alleged mortgage\loan\note account or the holder in due course and beneficial owner of this alleged mortgage\loan\note, monetary instrument and/or deed of trust?

4- Have any sales, transfers or assignments of this alleged mortgage\loan\note, monetary instrument, deed of trust or any other instrument I executed to secure this alleged debt been recorded in any electronic fashion such as MERS (Mortgage Electronic Registration System) or other internal or external recording system from the inception of this alleged account to the present date? Yes or No?

5- If yes, please detail for me the names of the seller, purchaser, assignor, assignee or any holder in due course to any right or obligation of any alleged note, alleged mortgage\loan, deed of trust or security instrument I executed securing the obligation on this alleged account that was not recorded in the county records where my property is located whether they be alleged mortgage\loan\note servicing rights or the beneficial interest in the principal and interest payments.

## In regards to Attorney Fees:

For purposes of the questions below dealing with attorney fees, please consider attorney fees and legal fees to be one in the same.

1- Have attorney fees ever been assessed to this alleged account from the inception of this alleged account to the present date? Yes or No?

2- If yes, please detail each separate assessment, charge and collection of attorney fees to this alleged account from the inception of this alleged account to the present date and the date of such assessments to this account.

3- Have attorney fees ever been charged to this alleged account from the inception of this alleged account to the present date? Yes or No? If yes, please detail each separate charge of attorney fees to this alleged account from the inception of this alleged account to the present date and the date of such assessments to this account.

4- Have attorney fees ever been collected from this alleged account from the inception of this alleged account to the present date? Yes or No?

5- If yes, please detail each separate collection of attorney fees to this alleged account from the inception of this alleged account to the present date and the date of such assessments to this alleged account.

6- Please provide me with the name and address of each attorney or law firm that has been paid any fees or expenses related to this alleged account from the inception of this alleged account to the present date.

7- Please identify for me in writing the provision, paragraph, section or sentence of any note, alleged mortgage\loan\note,deed of trust or any agreement I signed that authorized the assessment, charge or collection of attorney fees.

8- Please detail and list for me in writing each separate attorney fee assessed from this alleged account and for which each corresponding payment period or month such fee was assessed from the inception of this alleged account to the present date.

9- Please detail and list for me in writing each separate attorney fee collected from this alleged account and for which each corresponding payment period or month such fee was collected from the inception of this alleged account to the present date.

10-Please detail and list for me in writing any adjustments in attorney fees assessed and on what date such adjustment was made and the reason for such adjustment.

11- Please detail and list for me in writing any adjustments in attorney fees collected and on what date such adjustment was made and the reason for such adjustment.

12- Has interest been charged on any attorney fees assessed or charged to this alleged account? Yes or No?

13- Is interest allowed to be assessed or charged on attorney fees charged or assessed to this alleged account? Yes or No?

14- How much total in attorney fees have been assessed to this alleged account from the inception to the present date?

15- How much total in attorney fees have been collected from this alleged account from the inception to the present date?

16- How much total in attorney fees have been charged to this alleged account from the inception to the present date?

17- Please send me copies of all invoices and detailed billing statements from any law firm or attorney that has billed such fees that have been assessed or collected from this alleged account from the inception to the present date.


<u>In regards to Suspense/Unapplied Accounts:</u>

For purposes of this section, please treat the term suspense account and unapplied account as one in the same.



1. Has there been any suspense or unapplied account transactions on this alleged account from the inception of this alleged account until the present date? Yes or No?

2. If yes, please explain the reason for each and every suspense transaction that occurred on this alleged account. If no, please skip the questions in this section dealing with suspense and unapplied accounts.

3. In a spreadsheet or in letter form in a columnar format, please detail for me each and every suspense or unapplied transaction, both debits and credits that has occurred on this alleged account from the inception of this alleged account to the present date.

### In regards to Internal Revenue Service Filings:

List all forms including 1099OID filed in regard to alleged mortgage\loan\note, deed of trust or any other alleged agreement

### In regards to late fees:

For purposes of my questions below dealing with late fees, please consider the terms late fees and late charges to be one in the same.

1. Have you reported the collection of late fees on this alleged account as interest in any statement to me or to the IRS? Yes or No?

2. Has any previous servicers or sub-servicers of this alleged mortgage\loan\note reported the collection of late fees on this alleged account as interest in any statement to me or to the IRS? Yes or No?

3. Do you consider the payment of late fees as liquidated damages to you for not receiving payment on time? Yes or No?

4. Are late fees considered interest? Yes or No?

5. Please detail for me in writing what expenses and damages you incurred for any payment I made that was late.

6. If any of these expenses or damages charged or assessed to this alleged account in any other way? Yes or No?

7. If yes, please describe what expenses or damages were charged or assessed to this alleged account.

8. Please describe for me in writing what expenses you or others undertook due to any payment I made, which was late.

9. Please identify for me in writing the provision, paragraph, section or sentence of any note, alleged mortgage\loan\note , deed of trust or any agreement I signed that authorized the assessment or collection of late fees.

10. Please detail and list for me in writing each separate late fee assessed to this alleged account and for which corresponding payment period or



month such late fee was assessed from the inception of this alleged
account to the present date.

11- Please detail and list for me in writing each separate late fee collected
from this alleged account and for which corresponding payment period
or month such late fee was collected from the inception of this alleged
account to the present date.

12- Please detail and list for me in writing any adjustments in late fees
assessed and on what date such adjustment was made and the reason
for such adjustment.

13- If yes, how much in total late charges have been collected on this
alleged account from the inception of this alleged account to the
present date?

14- Has interest been charged on any late fee assessed or charged to this
alleged account? Yes or No?

15- Is interest allowed to be assessed or charged on late fees to this
alleged account? Yes or No?

16- Have any late charges been assessed to this alleged account? Yes or
No?

17- If yes, how much in total late charges have been assessed to this
alleged account from the inception of this alleged account to the
present date?

18- Please provide me with the exact months or payment dates you or
other previous servicers or sub-servicers of this alleged account claim I
have been late with a payment from the inception of this alleged
account to the present date.

19- Have late charges been collected on this alleged account from the
inception of this alleged account to the present date? Yes or No?

## In regards to Property Inspections:

For the purpose of this section property inspection and inspection fee refer
to any inspection of property by any source and any related fee or expense
charged, assessed or collected for such inspection.

1. Have any property inspections been conducted on my property from the
inception of this alleged account to the present date? Yes or No?

2. If your answer is no, you can skip the rest of the questions in this section
concerning property inspections



3. If yes, please tell me the date of each property inspection conducted on my property that is the secured interest for this alleged mortgage\loan\note, deed of trust or note.

4. Please tell me the price charged for each property inspection.

5. Please tell me the date of each property inspection.

6. Please tell me the name and address of each company and person who conducted each property inspection on my property.

7. Please tell me why property inspections were conducted on my property.

8. Please tell me how property inspections are beneficial to me.

9. Please tell me how property inspections are protective of my property.

10. Please explain to me your policy on property inspections.

11. Do you consider the payment of inspection fees as a cost of collection? Yes or No?

12. If yes, why?

13. Do you use property inspections to collect debts? Yes or No?

14. Have you used any portion of the property inspection process on my property to collect a debt or inform me of a debt, payment or obligation Yes or No?

15. If yes, please answer when and why?

16. Please identify for me in writing the provision, paragraph, section or sentence of any note, alleged mortgage\loan\note , deed of trust or any agreement I signed that authorized the assessment or collection of property inspection fees.

17. Have you labeled in any record or document sent to me a property inspection as a miscellaneous advance? Yes or No?

18. If yes, why?

19. Have you labeled in any record or document sent to me a property inspection as a legal fee or attorney fee? Yes or No?

20. If yes, why?

21. Please detail and list for me in writing each separate inspection fee assessed to this alleged account and for which corresponding payment period

22. Please detail and list for me in writing each separate inspection fee collected from this alleged account and for which corresponding payment period or month such fee was collected from the inception of this alleged account to the present date.

23. Please detail and list for me in writing any adjustments in inspection fees assessed and on what date such adjustment was made and the reasons for such adjustment?

24. Please detail and list for me in writing any adjustments in inspection fees collected and on what date such adjustment was made and the reasons for such adjustment?

25. Has interest been charged on any inspection fees assessed or charged to this alleged account? Yes or No?

26. If yes, when and how much was charged?

27. Is interest allowed to be charged on inspection fees charged or assessed to this alleged account? Yes or No?

28. How much total in inspection fees has been assessed to this alleged account from the inception of this alleged account to the present date?

29. How much total in inspection fees has been collected on this alleged account from the inception of this alleged account to the present date?

30. Please forward to me copies of all property inspections made on my property in this alleged mortgage\loan\note account file.

31. Has any fee charged or assessed for property inspections been placed into an alleged escrow account? Yes or No?

## In regards to BPO Fees:

1- Have any BPOs (Broker Price Opinions) been conducted on my property? Yes or No?

2- If your answer is no, you can skip the rest of the questions in this section concerning BPOs.

3- If yes, please tell me the date of each BPO conducted on my property that is the secured interest for this alleged mortgage\loan\note, deed of trust or note.

4- Please tell me the price of each BPO.

5- Please tell me who conducted the BPO.

6- Please tell me why BPOs were conducted on my property.

7- Please tell me how BPOs are beneficial to me.

8- Please tell me how BPOs are protective of my property.

9- Please explain your policy on BPOs.

10- Have any BPO fees been assessed to this alleged account? Yes or No?

11- If yes, how much in total BPO fees have been charged to this alleged account?

12- Please identify for me in writing the provision, paragraph section or sentence of any note, alleged mortgage\loan\note, deed of trust or any agreement I signed that authorized the assessment, charge or collection of a BPO fee from me.

13- Please send to me copies of all BPO reports that have been done on my property.

14- Has any fee charged or assessed for a BPO been placed into an escrow account? Yes or NO?

**In regards to Force-Placed Insurance:**

1- Have you placed or ordered any force-placed insurance policies on my property?
2- If yes, please tell me the date of each policy ordered or placed on my property that is the secured interest for this alleged mortgage\loan\note, deed of trust or note.
3- Please tell me the price of each policy.
4- Please tell me the agent for each policy.
5- Please tell me why each policy was placed on my property.
6- Please tell me how the policies are beneficial to me.
7- Please tell me how the policies are protective of my property.
8- Please explain to me your policy on force-placed insurance.
9- Have any force-placed insurance fees been assessed to this alleged account? Yes or No?
10- If yes, how much in total force-placed insurance fees have been assessed to this alleged account?
11- Have any force-placed insurance fees been charged to this alleged account? Yes or No?
12- If yes, how much in total force-placed insurance fees have been charged this alleged account.
13- Please identify for me in writing the provision, paragraph, section or sentence of any note, alleged mortgage\loan\note, deed of trust or any agreement I signed that authorized the assessment, charge or collection of force-placed insurance fees from me.
14- Do you have any relationship with the agent or agency that placed any policies on my property? If yes, please describe.
15- Do you have any relationship with the carrier that issued any policies on my property? If yes, please describe.
16- Has the agency or carrier you used to place a forced-placed insurance on my property provided you any service, computer system, discount on policies, commissions, rebates or any form of consideration? If yes, please describe.
17- Do you maintain a blanket insurance policy to protect your properties when customer policies have expired? Yes or No?

78. Please send to me copies of all forced-placed insurance policies that have been ordered on my property from the inception of this alleged account to the present date.

## In regards to Servicing:

For each of the following questions listed below, please provide me with a detailed explanation in writing that answers each question. In addition, I need the following answers to questions concerning the servicing of this alleged account from its inception to the present date.

1. Did the originator or previous servicers of this alleged account have any financing agreements or contracts with your company or an affiliate of your company?

2. Did the originator or previous servicers of this alleged account have any financing agreements or contracts with your company or an affiliate of your company?

3. Did the originator or previous servicers of this alleged account receive any compensation, fee, commission, payment, rebate or other financial consideration from your company or affiliate of your company for handling, processing, originating or administering this loan? If yes, please describe and itemize each and every form of compensation, fee, commission, payment, rebate or other financial consideration paid to the originator of this alleged account by your company or any affiliate.

4. Please identify for me where the originals of this entire alleged account file are currently located and how they are being stored, kept and protected.

5. Where is the original alleged monetary instrument or alleged mortgage\loan\note I signed located? Please describe its physical location and anyone holding this note as a custodian or trustee if applicable.

6. Where is the original alleged deed of trust or alleged mortgage\note I signed located? Please describe its physical location and anyone holding this note as a custodian or trustee if applicable.

7. Since the inception of this alleged account, has there been any assignment of my monetary instrument/asset to any other party? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignments.

8. Since the inception of this alleged account, has there been any assignment of the deed of trust or alleged mortgage\loan\note and note to any other party? If the answer is yes, identify the names and

addresses of each and every individual, party, bank, trust or entity that has received such assignments.

9. Since the inception of this alleged account, has there been any sale or assignment of the servicing rights to this alleged mortgage\loan\note account to any other party? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignments or sale.

10. Since the inception of this alleged account, have any sub-servicers serviced any portion of this alleged mortgage\loan\note account? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that has sub-serviced this alleged mortgage\loan\note account.

11. Has this alleged mortgage\loan\note account been made a part of any alleged mortgage\loan\note pool since the inception of this loan? If yes, please identify for me each and every account alleged mortgage\loan\note pool that this alleged mortgage\loan\note has been a part of from the inception of this alleged account to the present date.

12. Has each and every assignment of my alleged asset/monetary instrument been recorded in the county land records where the property associated with this alleged mortgage\loan\note account is located?

13. Has there been any electronic assignment of this alleged mortgage\loan\note with MERS (Mortgage Electronic Registration System) or any other computer alleged mortgage\loan\note registry service or computer program? If yes, identify the name and address of each and every individual, entity, party, bank, trust or organization or servicers that have been assigned to alleged mortgage\loan\note servicing rights to this alleged account as well as the beneficial interest to the payments of principal and interest on this loan.

14. Have there been any investors (as defined by your industry) who have participated in any alleged mortgage\loan\note -backed security, collateral alleged mortgage\loan\note obligation or other alleged mortgage\loan\note security instrument that this alleged mortgage\loan\note account has ever been a part of from the inception of this alleged account to the present date? If yes, identify the name and address of each and every individual, entity, organization and/or trust.

15. Please identify for me the parties and their addresses to all sales contracts, servicing agreements, assignments, alonges, transfers, indemnification agreements, recourse agreements and any agreement related to this alleged account from the inception of this alleged account to the present date.

boa3.7-12 2324

16. Please provide me with copies of all sales contracts, servicing agreements, assignments, alonges, transfers, indemnification agreements, recourse agreements and any agreement related to this present alleged account from the inception of this alleged account to the present date.

17. How much was paid for this individual alleged mortgage\loan\note account by you?

18. If part of a alleged mortgage\loan\note pool, what was the principal balance used by you to determine payment for this individual alleged mortgage\loan\note loan?

19. If part of a alleged mortgage\loan\note pool, what was the percentage paid by you of the principal balance above used to determine purchase of this individual alleged mortgage\loan\note loan?

20. Who did you issue a check or payment to for this alleged mortgage\loan\note loan?

21. Please provide me with copies of the front and back of the canceled check.

22. Did any investor approve of the foreclosure of my property? Yes or No?

23. Has HUD assigned or transferred foreclosure rights to you as required by 12MEC3754?

24. Please identify all persons who approved the foreclosure of my property.

Please provide me with the documents I have requested and a detailed answer to each of my questions within the lawful time frame. Upon receipt of the documents and answers, an exam and audit will be conducted that may lead to a further document request and answers to questions under an additional RESPA Qualified Written Request letter. Copies of this Qualified Written Request, Validation of Debt, TILA and request for accounting and legal records, Dispute of Debt letter am being sent to FTC, HUD, Thrift Supervision, and all relevant state and federal regulators; and other consumer advocates; and my congressman

It is my hope that you answer this RESPA request in accordance with law and the questions, documents and validation of debt to the penny and correct abuses or schemes uncovered and documented.

## Default Provisions under this QUALIFIED WRITTEN REQUEST

GMAC MORTGAGE, LLC or any agents, transfers, or assigns omissions of or agreement by silence of this RESPA REQUEST via certified rebuttal of any and all points herein this RESPA REQUEST, agrees and consents to including

but not limited by any violations of law and/or immediate terminate/remove any and all right, title and interest (liens) in Mr. P J Cotter or any property or collateral connected to in Mr. P J Cotter or alleged account number ORLAN ASSOCIATE File Number 703.1727 (pages 22, 23 of 23) and waives any and all immunities or defenses in claims and or violations agreed to in this RESPA REQUEST including but not limited by any and all:

1- In Mr. P J Cotter's right, by breach of fiduciary responsibility and fraud and misrepresentation revocation and rescinding any and all power of attorney or appointment GMAC MORTGAGE, LLC may have or may have had in connection with ORLAN ASSOCIATE File Number 703.1727 (pages 22, 23 of 23)and any property and/or real estate connected with GMAC MORTGAGE, LLC ORLAN ASSOCIATE File Number 703.1727 (pages 22, 23 of 23) Mr. P J Cotter right to have any certificated or uncertificated security re-registered in Mr. P J Cotter and only Mr. P J Cotter's name.

2- Mr. P J Cotter's are right of collection via GMAC MORTGAGE, LLC liability insurance and/or bond.

3- Mr. P J Cotter's entitlement in filing and executing any instruments, as power of attorney for and by GMAC MORTGAGE, LLC, including but not limited by a new certificated security or any security agreement perfected by filing a UCC Financing Statement with the Secretary of State in the State where GMAC MORTGAGE, LLC is located.

4- Mr. P J Cotter's right to damages because of GMAC MORTGAGE, LLC wrongful registration, breach of intermediary responsibility with regard to Mr. P J Cotter's asset by GMAC MORTGAGE, LLC issuing to Mr. P J Cotter a certified check for the original value of Mr. P J Cotter's monetary instrument. Mr. P J Cotter 's right to have GMAC MORTGAGE, LLC ORLAN ASSOCIATE File Number 703.1727 (pages 22, 23 of 23) completely set off because of GMAC MORTGAGE, LLC's wrongful registration, breach of intermediary responsibility with regard to Mr. P J Cotter's monetary instrument/asset by GMAC MORTGAGE, LLC sending confirmation of set off of wrongful liability of Mr. P J Cotter and issuing a certified check for the difference between the original value of Mr. P J Cotter's monetary instrument/asset and what Mr. P J Cotter mistakenly sent to GMAC MORTGAGE, LLC as a payment for such wrongful liability.

6- GMAC MORTGAGE, LLC or any transfers, agents or assigns offering a rebuttal of this RESPA REQUEST must do so in the manner of this RESPA REQUEST in accordance of and in compliance with current statutes and/or laws by signing in the capacity of a fully liable man or woman being

boa3-7-12 2324

responsible and liable under the penalty of perjury while offering direct testimony with the official capacity as appointed agent for GMAC MORTGAGE, LLC in accordance with GMAC MORTGAGE, LLC Articles of Incorporation, By Laws duly signed by a current and duly sworn under oath director(s) of such corporation/ Holding Corporation/ National Association. Any direct rebuttal with certified true and complete accompanying proof must be posted with the Notary address herein within sixty days. When no verified rebuttal of this RESPA REQUEST is made in a timely manner, a "Certificate of Non-Response" serves as GMAC MORTGAGE, LLC's judgment and consent/agreement by means of silence with any and all claims and/or violations herein-stated in the default provisions or any other law.

7. Power of Attorney: When GMAC MORTGAGE, LLC fails by not rebutting to any part of this RESPA REQUEST Bank agrees with the granting unto Mr. P J Cotter unlimited Power of Attorney and any and all full authorization in signing and endorsing GMAC MORTGAGE, LLC's name upon any instruments in satisfaction of the obligations of this RESPA REQUEST/Agreement or any agreement arising from this agreement. Pre-emption of or to any Bankruptcy proceeding shall not discharge any obligations of this agreement. Consent and agreement with this Power of Attorney by GMAC MORTGAGE, LLC waives any and all claims of Mr. P J Cotter, and/or defenses and remains in effect until the satisfaction of all obligations by GMAC MORTGAGE, LLC have been satisfied.

NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT
NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL
Applicable to all successors and assigns
my paperwork will do all my talking for me
*Silence is Acquiescence/Agreement/Dishonor*
Nunc pro tunc

Dated this March 7, 2012 A.D.

U.D. UCC1-308, Without Prejudice

By: _P J Cotter_
P J Cotter
Authorized Representative for
P J COTTER

Cc:  file
     legal
     as required

boa3-7-12 2324



# ORLANS

ORLANS
PO Box 5041
Troy, Michigan 48007-5041
P 248-502-1400   F 248-502-1401
www.orlans.com

IF YOU ARE CURRENTLY IN BANKRUPTCY OR HAVE RECEIVED A DISCHARGE IN BANKRUPTCY AS TO THIS OBLIGATION, THIS COMMUNICATION IS INTENDED FOR INFORMATIONAL PURPOSES ONLY AND IS NOT AN ATTEMPT TO COLLECT A DEBT IN VIOLATION OF THE AUTOMATIC STAY OR THE DISCHARGE INJUNCTION. IN SUCH CASE, PLEASE DISREGARD ANY PART OF THIS COMMUNICATION WHICH IS INCONSISTENT WITH THE FOREGOING.

OTHERWISE, FEDERAL LAW REQUIRES US TO ADVISE YOU THAT COMMUNICATION FROM OUR OFFICE COULD BE INTERPRETED AS AN ATTEMPT TO COLLECT A DEBT AND THAT ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.

IF YOU ARE NOW ON ACTIVE MILITARY DUTY OR HAVE BEEN IN THE PRIOR NINE MONTHS, PLEASE CONTACT OUR OFFICE AS YOU MAY BE ENTITLED TO THE BENEFITS OF THE SERVICEMEMBERS' CIVIL RELIEF ACT.

February 7, 2012

P. J. Cotter
9243 Church Street
Ira, MI 48023

File Number: 300.1727

Dear Owner(s):

This office represents GMAC Mortgage LLC, which is the creditor to whom your mortgage debt is owed or the servicing agent for the creditor to whom the debt is owed. The creditor has referred this matter to this office with instructions to start proceedings to foreclose the mortgage located at: 9243 Church Street.

As of the date of this letter, the balance due is as follows:

| | |
|---|---|
| Principal | 210,680.27 |
| Interest | 2,871.76 |
| Late Charges | 134.73 |
| Advances | -2,420.06 |
| Bad Check/NSF | 0.00 |
| TOTAL | $211,337.71 |

Under the terms of your mortgage, the creditor hereby elects to accelerate the total indebtedness. You may have the right to reinstate the mortgage, subject to the creditor's approval by paying all past due installments, late charges, delinquent taxes, insurance premiums, costs and fees incurred in the foreclosure. Requests for reinstatement information must be received before the date of the sheriff's sale. To request reinstatement information, contact our Loan Resolution Department at 248-502-1800, or email at reinstatement@orlans.com. Please leave your loan information and mailing address with our automated service. A representative will contact you via mail or phone within five business days.

The debt described above will be assumed to be valid by this office, the creditor's law firm, unless you, the debtor/consumer, within thirty (30) days after the receipt of this notice, dispute the validity of the debt or



some portion thereof. If you notify this office in writing, within thirty (30) days of the receipt of this notice, that the debt, or any portion thereof, is disputed, we will obtain a verification of the debt and a copy of the verification will be mailed to you. If the debt is based on a judgment, a copy of the judgment will be provided for you, upon request.

If the creditor named in paragraph one of this letter is not the original creditor, and if you make a written request to this office within thirty (30) days from the receipt of this notice, the name and address of the original creditor will be mailed to you.

If you have been discharged from personal liability on the mortgage because of bankruptcy proceedings, this letter is not, and should not be construed to be an attempt to collect a debt from you personally, but only enforcement of a lien against the property.

Very truly yours,
Orlans Associates PC

boa3.7.12 2324

**UNITED STATES POSTAL SERVICE®**
Certificate Of Mailing

This Certificate of Mailing provides evidence that mail has been presented to USPS® for mailing.
This form may be used for domestic and international mail.

From: P J C. DEA
6243 CHURCH ROAD
FAIR HAVEN MICHIGAN

To: GMAC MORTGAGE, LLC
1100 VIRGINIA DRIVE
FORT WASHINGTON, PA   19034

PS Form 3817, April 2007  PSN 7530-02-000-9065

---

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

FORT WASHINGTON PA 19034

| | | |
|---|---|---|
| Postage | $ $1.70 | 0004 |
| Certified Fee | $2.95 | |
| Return Receipt Fee (Endorsement Required) | $2.35 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | MAR 7 2012 |
| Total Postage & Fees | $ $7.00 | 03/07/2012 |

Sent To: GMAC Pd Aut ... ...
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

7004 2890 0000 6945 2234

PS Form 3800, June 2002                See Reverse for Instructions

USPS.com® - Track & Confirm

https://tools.usps.com/go/TrackConfirmAction_input?qtc_tLabels1=70...

English     Customer Service     USPS Mobile                                    Register / Sign In

**USPS.COM**                                         Search USPS.com or Track Packages

Quick Tools          Ship a Package     Send Mail     Manage Your Mail     Shop     Business Solutions

# Track & Confirm



| YOUR LABEL NUMBER | SERVICE | STATUS OF YOUR ITEM | DATE & TIME | LOCATION | FEATURES |
|---|---|---|---|---|---|
| 70042890000069492324 | First-Class Mail® | Delivered | March 12, 2012, 9:23 am | FORT WASHINGTON, PA 19034 | |

### Check on Another Item

What's your label (or receipt) number?



LEGAL                    ON USPS.COM              ON ABOUT.USPS.COM        OTHER USPS SITES
Privacy Policy ›         Government Services ›    About USPS Home ›        Business Customer Gateway ›
Terms of Use ›           Buy Stamps & Shop ›      Newsroom ›               Postal Inspectors ›
FOIA ›                   Print a Label with Postage › Mail Service Updates › Inspector General ›
No FEAR Act EEO Data ›   Customer Service ›       Forms & Publications ›   Postal Explorer ›
                         Site Index ›             Careers ›

Copyright© 2012 USPS. All Rights Reserved.

# EXHIBIT

# 12

# 12 USC § 2605 - Servicing of mortgage loans and administration of escrow accounts

12 USC §2605Servicing of mortgage loans and administration of escrow accounts

(B) Qualified written request

For purposes of this subsection, a qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that—

(i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and

(ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

(2) Action with respect to inquiry

Not later than 60 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any qualified written request under paragraph (1) and, if applicable, before taking any action with respect to the inquiry of the borrower, the servicer shall—

(A) make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification of such correction (which shall include the name and telephone number of a representative of the servicer who can provide assistance to the borrower);

(B) after conducting an investigation, provide the borrower with a written explanation or clarification that includes—

(i) to the extent applicable, a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer; and

(ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower; or

(C) after conducting an investigation, provide the borrower with a written explanation or clarification that includes—

(i) information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and

(ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower.

# EXHIBIT

# 13

May 7, 2012

P-J: Cotter,
Authorized Representative for
P J COTTER
6243 Church Road
Fair Haven, Michigan

ORLANS ASSOCIATES, P. C.
P O BOX 5041
TROY, MI48007-5041

Reference:

March 7, 2012 AD

P-J: Cotter
Authorized Representative for
P J COTTER
9828 DIXIE HWY.
#131
ANCHORVILLE, MI. 48004

ORLANS ASSOCIATES, P. C.
P O BOX 5041
TROY, MI48007-5041

Reference:     QUALIFIED WRITTEN REQUEST (QWR)

PUBLIC LAW 111–203—JULY 21, 2010

# DODD-FRANK WALL STREET REFORM AND CONSUMER PROTECTION ACT

PUBLIC LAW 111–203—JULY 21, 2010                    124 STAT. 2021

To Whom It May Concern:

As Authorized Agent for GMAC MORTGAGE, LLC et al I am sending you a copy of the QWR pursuant to the referenced PUBLIC LAW 111-203 July 21, 2010 that was sent to Pennsylvania and Iowa offices via United States Postal Service on March 7, 2012.

orlans-qwr-5-7-12

To Whom It May Concern:

The referenced QUALIFIED WRITTEN REQUEST (QWR) has not been responded to as of May 7, 2012.

Thank you in advance for your attention to this urgent matter.

NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT
NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL
Applicable to all successors and assigns
my paperwork will do all my talking for me
*Silence is Acquiescence/Agreement/Dishonor*
Nunc pro tunc
VOID WHERE PROHIBITED BY LAW
Under Reserve, UCC 1-308
Dated this May 7, 2012 AD.

By: *P-J:Cotter*

P-J:Cotter
Authorized Representative for
P J COTTER

Cc:     file
        legal
        as required

# EXHIBIT

# 14

July 10, 2012

P-J: Cotter,
Authorized Representative for
P J COTTER
6243 Church Road
Fair Haven, Michigan

ORLANS ASSOCIATES, P. C.
P O BOX 5041
TROY, MI48007-5041

Reference:

March 7, 2012 AD

P-J: Cotter
Authorized Representative for
P J COTTER
9828 DIXIE HWY.
#131
ANCHORVILLE, MI. 48004

ORLANS ASSOCIATES, P. C.
P O BOX 5041
TROY, MI48007-5041

Reference:     QUALIFIED WRITTEN REQUEST (QWR)

PUBLIC LAW 111-203—JULY 21, 2010

DODD-FRANK WALL STREET REFORM AND
CONSUMER PROTECTION ACT

PUBLIC LAW 111-203—JULY 21, 2010          124 STAT. 2021

To Whom It May Concern:

As Authorized Agent for GMAC MORTGAGE, LLC et al I am sending you a copy of the QWR
pursuant to the referenced PUBLIC LAW 111-203 July 21, 2010 that was sent to Pennsylvania
and Iowa offices via United States Postal Service on March 7, 2012.

orlans-qwr-7-10-12                                              Page 2 of 3

To Whom It May Concern:

The referenced QUALIFIED WRITTEN REQUEST (QWR) has not been responded to as of July 10, 2012.

You were previously notified of this matter on May 7, 2012

Thank you in advance for your attention to this urgent matter.

NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT
NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL
Applicable to all successors and assigns
my paperwork will do all my talking for me
*Silence is Acquiescence/Agreement/Dishonor*
Nunc pro tunc
VOID WHERE PROHIBITED BY LAW
Under Reserve, UCC 1-308
Dated this July 10, 2012 AD.

By: *P-J: Cotter*

P-J:Cotter
Authorized Representative for
P J COTTER

Cc:     file
        legal
        as required

# EXHIBIT

# 15

September 11, 2012

P-J: Cotter,
Authorized Representative for
P J COTTER
6243 Church Road
Fair Haven, Michigan

ORLANS ASSOCIATES, P. C.
P O BOX 5041
TROY, MI 48007-5041

Reference:

March 7, 2012 AD

P-J: Cotter
Authorized Representative for
P J COTTER
9828 DIXIE HWY.
#131
ANCHORVILLE, MI. 48004

ORLANS ASSOCIATES, P. C.
P O BOX 5041
TROY, MI 48007-5041

Reference:   QUALIFIED WRITTEN REQUEST (QWR)

orlans-qwr-9-11-12

PUBLIC LAW 111–203—JULY 21, 2010

# DODD-FRANK WALL STREET REFORM AND CONSUMER PROTECTION ACT

PUBLIC LAW 111–203—JULY 21, 2010          124 STAT. 2021

To Whom It May Concern:

As Authorized Agent for GMAC MORTGAGE, LLC et al I am sending you a copy of the QWR pursuant to the referenced PUBLIC LAW 111-203 July 21, 2010 that was sent to Pennsylvania and Iowa offices via United States Postal Service on March 7, 2012.

orlans-qwr-9-11-12

To Whom It May Concern:

The referenced QUALIFIED WRITTEN REQUEST (QWR) has not been responded to as of September 11, 2012.

You were previously notified of this matter on May 7, 2012 and July 10, 2012.

Your actions confirm that there is no alleged debt or alleged loan\mortgage \note

Thank you in advance for your attention to this urgent matter.

NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT
NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL
Applicable to all successors and assigns
my paperwork will do all my talking for me
*Silence is Acquiescence/Agreement/Dishonor*
Nunc pro tunc
VOID WHERE PROHIBITED BY LAW
Under Reserve, UCC 1-308
Dated this September 11, 2012 AD.

By: *P-J:Cotter*

P-J:Cotter
Authorized Representative for
P J COTTER

Cc:     file
        legal
        as required

# EXHIBIT

# 16

February 10, 2012

P-J: Cotter,
Authorized Representative for
P J COTTER
6243 Church Road
Fair Haven, Michigan

ORLANS ASSOCIATES, P. C.
Loss Mitigation Department
P O BOX 5041
TROY, MI48007-5041

Reference:

# ORLANS

ORLANS
PO Box 5041
Troy, Michigan 48007-5041
P 248-502-1400  F 248-502-1401
www.orlans.com

IF YOU ARE CURRENTLY IN BANKRUPTCY OR HAVE RECEIVED A DISCHARGE IN
BANKRUPTCY AS TO THIS OBLIGATION, THIS COMMUNICATION IS INTENDED FOR
INFORMATIONAL PURPOSES ONLY AND IS NOT AN ATTEMPT TO COLLECT A DEBT IN
VIOLATION OF THE AUTOMATIC STAY OR THE DISCHARGE INJUNCTION. IN SUCH
CASE, PLEASE DISREGARD ANY PART OF THIS COMMUNICATION WHICH IS
INCONSISTENT WITH THE FOREGOING.

OTHERWISE, FEDERAL LAW REQUIRES US TO ADVISE YOU THAT COMMUNICATION
FROM OUR OFFICE COULD BE INTERPRETED AS AN ATTEMPT TO COLLECT A DEBT
AND THAT ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.

IF YOU ARE NOW ON ACTIVE MILITARY DUTY OR HAVE BEEN IN THE PRIOR NINE
MONTHS, PLEASE CONTACT OUR OFFICE AS YOU MAY BE ENTITLED TO THE
BENEFITS OF THE SERVICEMEMBERS' CIVIL RELIEF ACT.

THIS NOTICE CONTAINS IMPORTANT INFORMATION REQUIRED BY THE STATE OF
MICHIGAN.

February 7, 2012

FIRST CLASS MAIL

P. J. Cotter
6243 Church Street
Ira, MI 48023
File Number: 703.1727

RE: 6243 Church Street, Ira, MI 48023

Dear P. J. Cotter:

Please be advised that this is a time sensitive document with a 30 day deadline for response. According to
Michigan law, GMAC Mortgage, LLC is required to furnish you with the following information regarding the
reason for default and your ability to participate in a meeting to attempt to work out a modification of the mortgage
to avoid foreclosure if you request a meeting within the next 30 days as directed below:

This office is a law firm which represents GMAC Mortgage, LLC, the creditor to whom your mortgage debt is
owed or the servicing agent of your mortgage. GMAC Mortgage, LLC has referred this matter to this office with
instructions to start proceedings to foreclose the mortgage located at 6243 Church Street, Ira, MI 48023.

orlans-refi-2-10-12

c) The person to contact to schedule a meeting to attempt to work out a loan modification is: Orlans Associates P.C. Loss Mitigation Department, P.O. Box 5041, Troy, MI 48007-5041, Phone: (248) 502-1331, Fax: (248) 502-1601, mediation@orlans.com. Please be advised that if you are in contact with the creditor or servicing agent **regarding modification options, please also contact Orlans Associates Loss Mitigation Department as the facilitator of the meeting directly to schedule a meeting and obtain all necessary document requests for the meeting.**

g) That if an agreement is not reached to modify the mortgage loan, but it is determined that you meet the criteria for a modification under MCL 600.3205c(1) and foreclosure under this chapter is not allowed under section MCL 600.3205c(7), the foreclosure of the mortgage will proceed before a Judge instead of by advertisement.

UNSIGNED

To Whom It May Concern:

Please send me the documentation to pursue a alleged loan modification pursuant to the referenced documentation from your office.

Thank you in advance for your attention to this urgent matter.

NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT
NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL
Applicable to all successors and assigns
my paperwork will do all my talking for me
*Silence is Acquiescence/Agreement/Dishonor*
Nunc pro tunc
VOID WHERE PROHIBITED BY LAW
Under Reserve, UCC 1-308
Dated this February 10th, 2012 AD.

By: _P-J: Cotter_

P-J:Cotter
Authorized Representative for
P J COTTER

Cc:   file
      legal
      as required

# EXHIBIT

# 17

REVISED JUDICATURE ACT OF 1961 (EXCERPT)
Act 236 of 1961

***** *600.3205c THIS SECTION IS REPEALED BY ACT 302 OF 2011 EFFECTIVE DECEMBER 31, 2012* *****

## 600.3205c Loan modification.

Sec. 3205c. (1) If a borrower has, either directly or through a housing counselor, contacted a person designated under section 3205a(1)(c) under section 3205b but the process has not resulted in an agreement to modify the mortgage loan, the person designated under section 3205a(1)(c) shall work with the borrower to determine whether the borrower qualifies for a loan modification. Unless the loan is described in subsection (2) or (3), in making the determination under this subsection, the person designated under section 3205a(1)(c) shall use a loan modification program or process that includes all of the following features:

(a) The loan modification program or process targets a ratio of the borrower's housing-related debt to the borrower's gross income of 38% or less, on an aggregate basis. Housing-related debt under this subdivision includes mortgage principal and interest, property taxes, insurance, and homeowner's fees.

(b) To reach the 38% target specified in subdivision (a), 1 or more of the following features:

(i) An interest rate reduction, as needed, subject to a floor of 3%, for a fixed term of at least 5 years.

(ii) An extension of the amortization period for the loan term, to 40 years or less from the date of the loan modification.

(iii) Deferral of some portion of the amount of the unpaid principal balance of 20% or less, until maturity, refinancing of the loan, or sale of the property.

(iv) Reduction or elimination of late fees.

(2) In making the determination under subsection (1), if the mortgage loan is pooled for sale to an investor that is a governmental entity, the person designated under section 3205a(1)(c) shall follow the modification guidelines dictated by the governmental entity.

(3) In making the determination under subsection (1), if the mortgage loan has been sold to a government-sponsored enterprise, the person designated under section 3205a(1)(c) shall follow the modification guidelines dictated by the government-sponsored enterprise.

(4) This section does not prohibit a loan modification on other terms or another loss mitigation strategy instead of modification if the other modification or strategy is agreed to by the borrower and the person designated under section 3205a(1)(c).

(5) Before 90 days after the notice required under section 3205a(1) is sent or 10 days after the meeting between the borrower and the person designated under section 3205a(1)(c), whichever is later, the person designated under section 3205a(1)(c) shall provide the borrower with both of the following:

(a) A copy of any calculations made by the person under this section.

(b) If requested by the borrower, a copy of the program, process, or guidelines under which the determination under subsection (1) was made.

(6) Subject to subsection (7), if the results of the calculation under subsection (1) are that the borrower is eligible for a modification, the mortgage holder or mortgage servicer shall not foreclose the mortgage under this chapter but may proceed under chapter 31. If the results of the calculation under subsection (1) are that the borrower is not eligible for a modification or if subsection (7) applies, the mortgage holder or mortgage lender may foreclose the mortgage under this chapter.

(7) If the determination under subsection (1) is that the borrower is eligible for a modification, the mortgage holder or mortgage servicer may proceed to foreclose the mortgage under this chapter if both of the following apply:

(a) The person designated under section 3205a(1)(c) has in good faith offered the borrower a modification agreement prepared in accordance with the modification determination.

(b) For reasons not related to any action or inaction of the mortgage holder or mortgage servicer, the borrower has not executed and returned the modification agreement within 14 days after the borrower received the agreement.

(8) If a mortgage holder or mortgage servicer begins foreclosure proceedings under this chapter in violation of this section, the borrower may file an action in the circuit court for the county where the mortgaged property is situated to convert the foreclosure proceeding to a judicial foreclosure. If a borrower files an action under this section and the court determines that the borrower participated in the process under section 3205b, a modification agreement was not reached, and the borrower is eligible for modification under subsection (1), and subsection (7) does not apply, the court shall enjoin foreclosure of the mortgage by advertisement and order that the foreclosure proceed under chapter 31.

**History:** Add. 2009, Act 31, Eff. July 5, 2009;—Am. 2011, Act 302, Imd. Eff. Dec. 22, 2011

**Compiler's note:** Enacting section 1 of Act 302 of 2011 provides:

"Enacting section 1. Sections 3205a, 3205b, 3205c, and 3205d of the revised judicature act of 1961, 1961 PA 236, MCL 600.3205a, 600.3205b, 600.3205c, and 600.3205d, as amended by this amendatory act, apply to foreclosure proceedings in which the first notice under section 3205a of the revised judicature act of 1961, 1961 PA 236, MCL 600.3205a, is mailed to the mortgagor on or after February 1, 2012."

EXHIBIT

18

March 2, 2012

P-J: Cotter,
Authorized Representative for
P J COTTER
6243 Church Road
Fair Haven, Michigan

ORLANS ASSOCIATES, P. C.
Loss Mitigation Department
P O BOX 5041
TROY, MI48007-5041

Reference:

ORLANS
PO Box 5041
Troy, Michigan 48007-5041
P 248-502-1400   F 248-502-1401
www.orlans.com

# ORLANS

IF YOU ARE CURRENTLY IN BANKRUPTCY OR HAVE RECEIVED A DISCHARGE IN
BANKRUPTCY AS TO THIS OBLIGATION, THIS COMMUNICATION IS INTENDED FOR
INFORMATIONAL PURPOSES ONLY AND IS NOT AN ATTEMPT TO COLLECT A DEBT IN
VIOLATION OF THE AUTOMATIC STAY OR THE DISCHARGE INJUNCTION. IN SUCH
CASE, PLEASE DISREGARD ANY PART OF THIS COMMUNICATION WHICH IS
INCONSISTENT WITH THE FOREGOING.

OTHERWISE, FEDERAL LAW REQUIRES US TO ADVISE YOU THAT COMMUNICATION
FROM OUR OFFICE COULD BE INTERPRETED AS AN ATTEMPT TO COLLECT A DEBT
AND THAT ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.

IF YOU ARE NOW ON ACTIVE MILITARY DUTY OR HAVE BEEN IN THE PRIOR NINE
MONTHS, PLEASE CONTACT OUR OFFICE AS YOU MAY BE ENTITLED TO THE
BENEFITS OF THE SERVICEMEMBERS' CIVIL RELIEF ACT.

THIS NOTICE CONTAINS IMPORTANT INFORMATION REQUIRED BY THE STATE OF
MICHIGAN.

February 7, 2012

FIRST CLASS MAIL

P. J. Cotter
6243 Church Street
Ira, MI  48023
File Number: 703.1727

RE: 6243 Church Street, Ira, MI 48023

Dear P. J. Cotter:

Please be advised that this is a time sensitive document with a 30 day deadline for response. According to
Michigan law, GMAC Mortgage, LLC is required to furnish you with the following information regarding the
reason for default and your ability to participate in a meeting to attempt to work out a modification of the mortgage
to avoid foreclosure if you request a meeting within the next 30 days as directed below:

This office is a law firm which represents GMAC Mortgage, LLC, the creditor to whom your mortgage debt is
owed or the servicing agent of your mortgage. GMAC Mortgage, LLC has referred this matter to this office with
instructions to start proceedings to foreclose the mortgage located at 6243 Church Street, Ira, MI 48023.

c) The person to contact to schedule a meeting to attempt to work out a loan modification is: Orlans Associates P.C. Loss Mitigation Department, P.O. Box 5041, Troy, MI 48007-5041, Phone: (248) 502-1331, Fax: (248) 502-1601, mediation@orlans.com. Please be advised that if you are in contact with the creditor or servicing agent regarding modification options, please also contact Orlans Associates Loss Mitigation Department as the facilitator of the meeting directly to schedule a meeting and obtain all necessary document requests for the meeting,

g) That if an agreement is not reached to modify the mortgage loan, but it is determined that you meet the criteria for a modification under MCL 600.3205c(1) and foreclosure under this chapter is not allowed under section MCL 600.3205c(7), the foreclosure of the mortgage will proceed before a judge instead of by advertisement.

UNSIGNED

To Whom It May Concern:

Please send me the documentation, requested February 10, 2012 to pursue a alleged loan modification pursuant to the referenced documentation from your office and in compliance with Michigan Compiled Law (MCL), MCL 600.3204,MCL 600.3205, MCL 600.3205a (c) (d), MCL 600.3205b (1) (3), MCL 3205c (1), MCL 3205d

Thank you in advance for your attention to this urgent matter.

NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT
NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL
Applicable to all successors and assigns
my paperwork will do all my talking for me
*Silence is Acquiescence/Agreement/Dishonor*
Nunc pro tunc
VOID WHERE PROHIBITED BY LAW
Under Reserve, UCC 1-308
Dated this March 2, 2012 AD.

By: *P-J: Cotter*

P-J:Cotter
Authorized Representative for
P J COTTER

Cc:     file
        legal
        as required

# EXHIBIT

# 19

April 2, 2012

P-J: Cotter,
Authorized Representative for
P J COTTER
6243 Church Road
Fair Haven, Michigan

ORLANS ASSOCIATES, P. C.
Loss Mitigation Department
P O BOX 5041
TROY, MI48007-5041

Reference:

# ORLANS

ORLANS
PO Box 5041
Troy, Michigan 48007-5041
P 248-502-1400  F 248-502-1401
www.orlans.com

IF YOU ARE CURRENTLY IN BANKRUPTCY OR HAVE RECEIVED A DISCHARGE IN
BANKRUPTCY AS TO THIS OBLIGATION, THIS COMMUNICATION IS INTENDED FOR
INFORMATIONAL PURPOSES ONLY AND IS NOT AN ATTEMPT TO COLLECT A DEBT IN
VIOLATION OF THE AUTOMATIC STAY OR THE DISCHARGE INJUNCTION. IN SUCH
CASE, PLEASE DISREGARD ANY PART OF THIS COMMUNICATION WHICH IS
INCONSISTENT WITH THE FOREGOING.

OTHERWISE, FEDERAL LAW REQUIRES US TO ADVISE YOU THAT COMMUNICATION
FROM OUR OFFICE COULD BE INTERPRETED AS AN ATTEMPT TO COLLECT A DEBT
AND THAT ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.

IF YOU ARE NOW ON ACTIVE MILITARY DUTY OR HAVE BEEN IN THE PRIOR NINE
MONTHS, PLEASE CONTACT OUR OFFICE AS YOU MAY BE ENTITLED TO THE
BENEFITS OF THE SERVICEMEMBERS' CIVIL RELIEF ACT.

THIS NOTICE CONTAINS IMPORTANT INFORMATION REQUIRED BY THE STATE OF
MICHIGAN.

February 7, 2012

FIRST CLASS MAIL

P. J. Cotter
6243 Church Street
Ira, MI 48023
File Number: 703.1727

RE: 6243 Church Street, Ira, MI 48023

Dear P. J. Cotter:

**Please be advised that this is a time sensitive document with a 30 day deadline for response.** According to
Michigan law, GMAC Mortgage, LLC is required to furnish you with the following information regarding the
reason for default and your ability to participate in a meeting to attempt to work out a modification of the mortgage
to avoid foreclosure if you request a meeting within the next 30 days as directed below:

This office is a law firm which represents GMAC Mortgage, LLC, the creditor to whom your mortgage debt is
owed or the servicing agent of your mortgage. GMAC Mortgage, LLC has referred this matter to this office with
instructions to start proceedings to foreclose the mortgage located at 6243 Church Street, Ira, MI 48023.

c) The person to contact to schedule a meeting to attempt to work out a loan modification is: Orlans Associates P.C. Loss Mitigation Department. P.O. Box 5041, Troy, MI 48007-5041, Phone: (248) 502-1331, Fax: (248) 502-1601, mediation@orlans.com. Please be advised that if you are in contact with the creditor or servicing agent regarding modification options, please also contact Orlans Associates Loss Mitigation Department as the facilitator of the meeting directly to schedule a meeting and obtain all necessary document requests for the meeting.

g) That if an agreement is not reached to modify the mortgage loan, but it is determined that you meet the criteria for a modification under MCL 600.3205c(1) and foreclosure under this chapter is not allowed under section MCL 600.3205c(7), the foreclosure of the mortgage will proceed before a judge instead of by advertisement.

UNSIGNED

To Whom It May Concern:

Please send me the documentation, requested (February 10, 2012, March 2, 2012) to pursue a alleged loan modification pursuant to the referenced documentation from your office and in compliance with Michigan Compiled Law (MCL), MCL 600.3204, MCL 600.3205, MCL 600.3205a (c) (d), MCL 600.3205b (1) (3), MCL 3205c (1), MCL 3205d

Thank you in advance for your attention to this urgent matter.

NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT
NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL
Applicable to all successors and assigns
my paperwork will do all my talking for me
*Silence is Acquiescence/Agreement/Dishonor*
Nunc pro tunc
VOID WHERE PROHIBITED BY LAW
Under Reserve, UCC 1-308
Dated this April 2, 2012 AD.

By: *P-J: Cotter*

P-J:Cotter
Authorized Representative for
P J COTTER

Cc:     file
        legal
        as required

orlans-refi4-2-12

# EXHIBIT

# 20

May 2, 2012

P-J: Cotter,
Authorized Representative for
P J COTTER
6243 Church Road
Fair Haven, Michigan

ORLANS ASSOCIATES, P. C.
Loss Mitigation Department
P O BOX 5041
TROY, MI48007-5041

Reference:

# ORLANS

ORLANS
PO Box 5041
Troy, Michigan 48007-5041
P 248-502-1400  F 248-502-1401
www.orlans.com

IF YOU ARE CURRENTLY IN BANKRUPTCY OR HAVE RECEIVED A DISCHARGE IN
BANKRUPTCY AS TO THIS OBLIGATION, THIS COMMUNICATION IS INTENDED FOR
INFORMATIONAL PURPOSES ONLY AND IS NOT AN ATTEMPT TO COLLECT A DEBT IN
VIOLATION OF THE AUTOMATIC STAY OR THE DISCHARGE INJUNCTION. IN SUCH
CASE, PLEASE DISREGARD ANY PART OF THIS COMMUNICATION WHICH IS
INCONSISTENT WITH THE FOREGOING.

OTHERWISE, FEDERAL LAW REQUIRES US TO ADVISE YOU THAT COMMUNICATION
FROM OUR OFFICE COULD BE INTERPRETED AS AN ATTEMPT TO COLLECT A DEBT
AND THAT ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.

IF YOU ARE NOW ON ACTIVE MILITARY DUTY OR HAVE BEEN IN THE PRIOR NINE
MONTHS, PLEASE CONTACT OUR OFFICE AS YOU MAY BE ENTITLED TO THE
BENEFITS OF THE SERVICEMEMBERS' CIVIL RELIEF ACT.

THIS NOTICE CONTAINS IMPORTANT INFORMATION REQUIRED BY THE STATE OF
MICHIGAN.

February 7, 2012

FIRST CLASS MAIL.

P. J. Cotter
6243 Church Street
Ira, MI  48023
File Number: 703.1727

RE: 6243 Church Street, Ira, MI 48023

Dear P. J. Cotter:

**Please be advised that this is a time sensitive document with a 30 day deadline for response.** According to
Michigan law, GMAC Mortgage, LLC is required to furnish you with the following information regarding the
reason for default and your ability to participate in a meeting to attempt to work out a modification of the mortgage
to avoid foreclosure if you request a meeting within the next 30 days as directed below:

This office is a law firm which represents GMAC Mortgage, LLC, the creditor to whom your mortgage debt is
owed or the servicing agent of your mortgage. GMAC Mortgage, LLC has referred this matter to this office with
instructions to start proceedings to foreclose the mortgage located at 6243 Church Street, Ira, MI 48023.

orlans-refiS-2-12

c) The person to contact to schedule a meeting to attempt to work out a loan modification is: Orlans Associates P.C. Loss Mitigation Department, P.O. Box 5041, Troy, MI 48007-5041. Phone: (248) 502-1331, Fax: (248) 502-1801, mediation@orlans.com. Please be advised that if you are in contact with the creditor or servicing agent regarding modification options, please also contact Orlans Associates Loss Mitigation Department as the facilitator of the meeting directly to schedule a meeting and obtain all necessary document requests for the meeting.

g) That if an agreement is not reached to modify the mortgage loan, but it is determined that you meet the criteria for a modification under MCL 600.3205c(1) and foreclosure under this chapter is not allowed under section MCL 600.3205c(7), the foreclosure of the mortgage will proceed before a judge instead of by advertisement.

UNSIGNED

To Whom It May Concern:

Please send me the documentation, requested (February 10, 2012, March 2, 2012, April 2, 2012) to pursue a alleged loan modification pursuant to the referenced documentation from your office and in compliance with Michigan Compiled Law (MCL), MCL 600 3204,MCL 600.3205, MCL 600.3205a (c) (d), MCL 600.3205b (1) (3), MCL 3205c (1), MCL 3205d

Thank you in advance for your attention to this urgent matter.

NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT
NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL
Applicable to all successors and assigns
my paperwork will do all my talking for me
*Silence is Acquiescence/Agreement/Dishonor*
Nunc pro tunc
VOID WHERE PROHIBITED BY LAW
Under Reserve, UCC 1-308
Dated this May 2, 2012 AD.

By: *P-J: Cotter*

P-J:Cotter
Authorized Representative for
P J COTTER

Cc:     file
        legal
        as required

# EXHIBIT

# 21

June1, 2012

P-J: Cotter,
Authorized Representative for
P J COTTER
6243 Church Road
Fair Haven, Michigan

ORLANS ASSOCIATES, P. C.
Loss Mitigation Department
P O BOX 5041
TROY, MI48007-5041

Reference:

ORLANS
PO Box 5041
Troy, Michigan 48007-5041
P 248-502-1450   F 248-502-1491
www.orlans.com

# ORLANS

    IF YOU ARE CURRENTLY IN BANKRUPTCY OR HAVE RECEIVED A DISCHARGE IN
BANKRUPTCY AS TO THIS OBLIGATION, THIS COMMUNICATION IS INTENDED FOR
INFORMATIONAL PURPOSES ONLY AND IS NOT AN ATTEMPT TO COLLECT A DEBT IN
VIOLATION OF THE AUTOMATIC STAY OR THE DISCHARGE INJUNCTION. IN SUCH
CASE, PLEASE DISREGARD ANY PART OF THIS COMMUNICATION WHICH IS
INCONSISTENT WITH THE FOREGOING.

    OTHERWISE, FEDERAL LAW REQUIRES US TO ADVISE YOU THAT COMMUNICATION
FROM OUR OFFICE COULD BE INTERPRETED AS AN ATTEMPT TO COLLECT A DEBT
AND THAT ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.

    IF YOU ARE NOW ON ACTIVE MILITARY DUTY OR HAVE BEEN IN THE PRIOR NINE
MONTHS, PLEASE CONTACT OUR OFFICE AS YOU MAY BE ENTITLED TO THE
BENEFITS OF THE SERVICEMEMBERS' CIVIL RELIEF ACT.

    THIS NOTICE CONTAINS IMPORTANT INFORMATION REQUIRED BY THE STATE OF
MICHIGAN.

February 7, 2012

FIRST CLASS MAIL

P. J. Cotter
6243 Church Street
Ira, MI 48023
File Number: 703.1727

RE: 6243 Church Street, Ira, MI 48023

Dear P. J. Cotter:

Please be advised that this is a time sensitive document with a 30 day deadline for response. According to
Michigan law, GMAC Mortgage, LLC is required to furnish you with the following information regarding the
reason for default and your ability to participate in a meeting to attempt to work out a modification of the mortgage
to avoid foreclosure if you request a meeting within the next 30 days as directed below:

This office is a law firm which represents GMAC Mortgage, LLC, the creditor to whom your mortgage debt is
owed or the servicing agent of your mortgage. GMAC Mortgage, LLC has referred this matter to this office with
instructions to start proceedings to foreclose the mortgage located at 6243 Church Street, Ira, MI 48023.

c) The person to contact to schedule a meeting to attempt to work out a loan modification is: Orlans Associates P.C. Loss Mitigation Department, P.O. Box 5041, Troy, MI 48007-5041, Phone: (248) 502-1331, Fax: (248) 502-1601, mediation@orlans.com. Please be advised that if you are in contact with the creditor or servicing agent regarding modification options, please also contact Orlans Associates Loss Mitigation Department as the facilitator of the meeting directly to schedule a meeting and obtain all necessary document requests for the meeting.

g) That if an agreement is not reached to modify the mortgage loan, but it is determined that you meet the criteria for a modification under MCL 600.3205c(1) and foreclosure under this chapter is not allowed under section MCL 600.3205c(7), the foreclosure of the mortgage will proceed before a judge instead of by advertisement.

UNSIGNED

To Whom It May Concern:

Please send me the documentation, requested (February 10, 2012, March 2, 2012, April 2, 2012, May 2, 2012) to pursue a alleged loan modification pursuant to the referenced documentation from your office and in compliance with Michigan Compiled Law (MCL), MCL 600.3204, MCL 600.3205, MCL 600.3205a (c) (d), MCL 600.3205b (1) (3), MCL 3205c (1), MCL 3205d

Thank you in advance for your attention to this urgent matter.

NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT
NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL
Applicable to all successors and assigns
my paperwork will do all my talking for me
*Silence is Acquiescence/Agreement/Dishonor*
Nunc pro tunc
VOID WHERE PROHIBITED BY LAW
Under Reserve, UCC 1-308
Dated this June 1, 2012 AD.

By: *P-J: Cotter*

P-J:Cotter
Authorized Representative for
P J COTTER


Cc:     file
        legal
        as required

# EXHIBIT

# 22

July 3, 2012

P-J: Cotter,
Authorized Representative for
P J COTTER
6243 Church Road
Fair Haven, Michigan

ORLANS ASSOCIATES, P. C.
Loss Mitigation Department
P O BOX 5041
TROY, MI48007-5041

Reference:

# ORLANS

ORLANS
PO Box 5041
Troy, Michigan 48007-5041
P 248-502-1400  F 248-502-1401
www.orlans.com

IF YOU ARE CURRENTLY IN BANKRUPTCY OR HAVE RECEIVED A DISCHARGE IN
BANKRUPTCY AS TO THIS OBLIGATION, THIS COMMUNICATION IS INTENDED FOR
INFORMATIONAL PURPOSES ONLY AND IS NOT AN ATTEMPT TO COLLECT A DEBT IN
VIOLATION OF THE AUTOMATIC STAY OR THE DISCHARGE INJUNCTION. IN SUCH
CASE, PLEASE DISREGARD ANY PART OF THIS COMMUNICATION WHICH IS
INCONSISTENT WITH THE FOREGOING.

OTHERWISE, FEDERAL LAW REQUIRES US TO ADVISE YOU THAT COMMUNICATION
FROM OUR OFFICE COULD BE INTERPRETED AS AN ATTEMPT TO COLLECT A DEBT
AND THAT ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.

IF YOU ARE NOW ON ACTIVE MILITARY DUTY OR HAVE BEEN IN THE PRIOR NINE
MONTHS, PLEASE CONTACT OUR OFFICE AS YOU MAY BE ENTITLED TO THE
BENEFITS OF THE SERVICEMEMBERS' CIVIL RELIEF ACT.

THIS NOTICE CONTAINS IMPORTANT INFORMATION REQUIRED BY THE STATE OF
MICHIGAN.

February 7, 2012

FIRST CLASS MAIL

P. J. Cotter
6243 Church Street
Ira, MI 48000
File Number: 703.1727

RE: 6243 Church Street, Ira, MI 48023

Dear P. J. Cotter:

**Please be advised that this is a time sensitive document with a 30 day deadline for response.** According to
Michigan law, GMAC Mortgage, LLC is required to furnish you with the following information regarding the
reason for default and your ability to participate in a meeting to attempt to work out a modification of the mortgage
to avoid foreclosure if you request a meeting within the next 30 days as directed below:

This office is a law firm which represents GMAC Mortgage, LLC, the creditor to whom your mortgage debt is
owed or the servicing agent of your mortgage. GMAC Mortgage, LLC has referred this matter to this office with
instructions to start proceedings to foreclose the mortgage located at 6243 Church Street, Ira, MI 48023.

c) The person to contact to schedule a meeting to attempt to work out a loan modification is: Orlans Associates P.C. Loss Mitigation Department, P.O. Box 5041, Troy, MI 48007-5041, Phone: (248) 502-1331, Fax: (248) 502-1601, mediation@orlans.com. **Please be advised that if you are in contact with the creditor or servicing agent regarding modification options, please also contact Orlans Associates Loss Mitigation Department as the facilitator of the meeting directly to schedule a meeting and obtain all necessary document requests for the meeting.**

g) That if an agreement is not reached to modify the mortgage loan, but it is determined that you meet the criteria for a modification under MCL 600.3205c(1) and foreclosure under this chapter is not allowed under section MCL 600.3205c(7), the foreclosure of the mortgage will proceed before a judge instead of by advertisement.

UNSIGNED

To Whom It May Concern:

Please send me the documentation, requested (February 10, 2012, March 2, 2012, April 2, 2012, May 2, 2012, June 1, 2012) to pursue a alleged loan modification pursuant to the referenced documentation from your office and in compliance with Michigan Compiled Law (MCL), MCL 600.3204,MCL 600.3205, MCL 600.3205a (c) (d), MCL 600.3205b (1) (3), MCL 3205c (1), MCL 3205d

Your lack of action in this matter per your own documentation causes me great concern as to your true objectives in this matter

Thank you in advance for your attention to this urgent matter.

NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT
NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL
Applicable to all successors and assigns
my paperwork will do all my talking for me
*Silence is Acquiescence/Agreement/Dishonor*
Nunc pro tunc
VOID WHERE PROHIBITED BY LAW
Under Reserve, UCC 1-308
Dated this July 3, 2012 AD.

By: *P-J: Cotter*

P-J:Cotter
Authorized Representative for
P J COTTER

Cc:   file
      legal
      as required

orlansrefi-7-3-12

# EXHIBIT

# 23

August 3, 2012

P-J: Cotter,
Authorized Representative for
P J COTTER
6243 Church Road
Fair Haven, Michigan

ORLANS ASSOCIATES, P. C.
Loss Mitigation Department
P O BOX 5041
TROY, MI 48007-5041

Reference:

# ORLANS

ORLANS
PO Box 5041
Troy, Michigan 48007-5041
P 248-502-1400  F 248-502-1401
www.orlans.com

IF YOU ARE CURRENTLY IN BANKRUPTCY OR HAVE RECEIVED A DISCHARGE IN
BANKRUPTCY AS TO THIS OBLIGATION, THIS COMMUNICATION IS INTENDED FOR
INFORMATIONAL PURPOSES ONLY AND IS NOT AN ATTEMPT TO COLLECT A DEBT IN
VIOLATION OF THE AUTOMATIC STAY OR THE DISCHARGE INJUNCTION.  IN SUCH
CASE, PLEASE DISREGARD ANY PART OF THIS COMMUNICATION WHICH IS
INCONSISTENT WITH THE FOREGOING.

OTHERWISE, FEDERAL LAW REQUIRES US TO ADVISE YOU THAT COMMUNICATION
FROM OUR OFFICE COULD BE INTERPRETED AS AN ATTEMPT TO COLLECT A DEBT
AND THAT ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.

IF YOU ARE NOW ON ACTIVE MILITARY DUTY OR HAVE BEEN IN THE PRIOR NINE
MONTHS, PLEASE CONTACT OUR OFFICE AS YOU MAY BE ENTITLED TO THE
BENEFITS OF THE SERVICEMEMBERS' CIVIL RELIEF ACT.

THIS NOTICE CONTAINS IMPORTANT INFORMATION REQUIRED BY THE STATE OF
MICHIGAN.

February 7, 2012

FIRST CLASS MAIL

P. J. Cotter
6243 Church Street
Ira, MI 48023
File Number: 703.1727

RE: 6243 Church Street, Ira, MI 48023

Dear P. J. Cotter:

Please be advised that this is a time sensitive document with a 30 day deadline for response.  According to
Michigan law, GMAC Mortgage, LLC is required to furnish you with the following information regarding the
reason for default and your ability to participate in a meeting to attempt to work out a modification of the mortgage
to avoid foreclosure if you request a meeting within the next 30 days as directed below:

This office is a law firm which represents GMAC Mortgage, LLC, the creditor to whom your mortgage debt is
owed or the servicing agent of your mortgage.  GMAC Mortgage, LLC has referred this matter to this office with
instructions to start proceedings to foreclose the mortgage located at 6243 Church Street, Ira, MI 48023.

orlansrefi-8-3-12

c) The person to contact to schedule a meeting to attempt to work out a loan modification is: Orlans Associates P.C. Loss Mitigation Department, P.O. Box 5041, Troy, MI 48007-5041, Phone: (248) 502-1331, Fax: (248) 502-1601, mediation@orlans.com. Please be advised that if you are in contact with the creditor or servicing agent regarding modification options, please also contact Orlans Associates Loss Mitigation Department as the facilitator of the meeting directly to schedule a meeting and obtain all necessary document requests for the meeting.

g) That if an agreement is not reached to modify the mortgage loan, but it is determined that you meet the criteria for a modification under MCL 600.3205c(1) and foreclosure under this chapter is not allowed under section MCL 600.3205c(7), the foreclosure of the mortgage will proceed before a judge instead of by advertisement.

UNSIGNED

To Whom It May Concern:

Please send me the documentation, requested (February 10, 2012, March 2, 2012, April 2, 2012, May 2, 2012, June 1, 2012, July 3, 2012) to pursue a alleged loan modification pursuant to the referenced documentation from your office and in compliance with Michigan Compiled Law (MCL), MCL 600.3204, MCL 600.3205, MCL 600.3205a (c) (d), MCL 600.3205b (1) (3), MCL 3205c (1), MCL 3205d

Your lack of action in this matter per your own documentation causes me great concern as to your true objectives in this matter are in fact of any legal documentation.

Thank you in advance for your attention to this urgent matter.

NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT
NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL
Applicable to all successors and assigns
my paperwork will do all my talking for me
*Silence is Acquiescence/Agreement/Dishonor*
Nunc pro tunc
VOID WHERE PROHIBITED BY LAW
Under Reserve, UCC 1-308
Dated this August 3, 2012 AD.

By: *P-J: Cotter*

P-J:Cotter
Authorized Representative for
P J COTTER

Cc:   file
      legal
      as required

# EXHIBIT

# 24

September 4, 2012

P-J: Cotter,
Authorized Representative for
P J COTTER
6243 Church Road
Fair Haven, Michigan

ORLANS ASSOCIATES, P. C.
Loss Mitigation Department
P O BOX 5041
TROY, MI 48007-5041

Reference:

# ORLANS

ORLANS
PO Box 5041
Troy, Michigan 48007-5041
P 248-502-1400  F 248-502-1401
www.orlans.com

IF YOU ARE CURRENTLY IN BANKRUPTCY OR HAVE RECEIVED A DISCHARGE IN BANKRUPTCY AS TO THIS OBLIGATION, THIS COMMUNICATION IS INTENDED FOR INFORMATIONAL PURPOSES ONLY AND IS NOT AN ATTEMPT TO COLLECT A DEBT IN VIOLATION OF THE AUTOMATIC STAY OR THE DISCHARGE INJUNCTION. IN SUCH CASE, PLEASE DISREGARD ANY PART OF THIS COMMUNICATION WHICH IS INCONSISTENT WITH THE FOREGOING.

OTHERWISE, FEDERAL LAW REQUIRES US TO ADVISE YOU THAT COMMUNICATION FROM OUR OFFICE COULD BE INTERPRETED AS AN ATTEMPT TO COLLECT A DEBT AND THAT ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.

IF YOU ARE NOW ON ACTIVE MILITARY DUTY OR HAVE BEEN IN THE PRIOR NINE MONTHS, PLEASE CONTACT OUR OFFICE AS YOU MAY BE ENTITLED TO THE BENEFITS OF THE SERVICEMEMBERS' CIVIL RELIEF ACT.

THIS NOTICE CONTAINS IMPORTANT INFORMATION REQUIRED BY THE STATE OF MICHIGAN.

February 7, 2012

FIRST CLASS MAIL

P. J. Cotter
6243 Church Street
Ira, MI 48023
File Number: 703.1727

RE: 6243 Church Street, Ira, MI 48023

Dear P. J. Cotter:

Please be advised that this is a time sensitive document with a 30 day deadline for response. According to Michigan law, GMAC Mortgage, LLC is required to furnish you with the following information regarding the reason for default and your ability to participate in a meeting to attempt to work out a modification of the mortgage to avoid foreclosure if you request a meeting within the next 30 days as directed below:

This office is a law firm which represents GMAC Mortgage, LLC, the creditor to whom your mortgage debt is owed or the servicing agent of your mortgage. GMAC Mortgage, LLC has referred this matter to this office with instructions to start proceedings to foreclose the mortgage located at 6243 Church Street, Ira, MI 48023.

orlansrefi-9-4-12

Page 1 of 2

c) The person to contact to schedule a meeting to attempt to work out a loan modification is: Orlans Associates P.C. Loss Mitigation Department, P.O. Box 5041, Troy, MI 48007-5041, Phone: (248) 502-1331, Fax: (248) 502-1601, mediation@orlans.com. Please be advised that if you are in contact with the creditor or servicing agent regarding modification options, please also contact Orlans Associates Loss Mitigation Department as the facilitator of the meeting directly to schedule a meeting and obtain all necessary document requests for the meeting.

g) That if an agreement is not reached to modify the mortgage loan, but it is determined that you meet the criteria for a modification under MCL 600.3205c(1) and foreclosure under this chapter is not allowed under section MCL 600.3205c(7), the foreclosure of the mortgage will proceed before a judge instead of by advertisement.

UNSIGNED

To Whom It May Concern:

Please send me the documentation, requested (February 10, 2012, March 2, 2012, April 2, 2012, May 2, 2012, June 1, 2012, July 3, 2012, August 3, 2012) to pursue a alleged loan modification pursuant to the referenced documentation from your office and in compliance with Michigan Compiled Law (MCL), MCL 600.3204,MCL 600.3205, MCL 600.3205a (c) (d), MCL 600.3205b (1) (3), MCL 3205c (1), MCL 3205d

Your lack of action in this matter per your own documentation causes me great concern as to your true objectives in this matter and if ORLANS ASSOCIATES, P. C. does in fact have any lawful contract with GMAC MORTGAGE, LLC et al in the referenced matter.

Thank you in advance for your attention to this urgent matter.

NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT
NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL
Applicable to all successors and assigns
my paperwork will do all my talking for me
*Silence is Acquiescence/Agreement/Dishonor*
Nunc pro tunc
VOID WHERE PROHIBITED BY LAW
Under Reserve, UCC 1-308
Dated this September 4, 2012 AD.

By: *P. J. Cotter*

P-J:Cotter
Authorized Representative for
P J COTTER

Cc:    file
        legal
        as required

# EXHIBIT

# 25

October 3, 2012

P-J: Cotter,
Authorized Representative for
P J COTTER
6243 Church Road
Fair Haven, Michigan

ORLANS ASSOCIATES, P. C.
Loss Mitigation Department
P O BOX 5041
TROY, MI 48007-5041

Reference:

# ORLANS

ORLANS
PO Box 5041
Troy, Michigan 48007-5041
P 248-502-1400   F 248-502-1401
www.orlans.com

IF YOU ARE CURRENTLY IN BANKRUPTCY OR HAVE RECEIVED A DISCHARGE IN BANKRUPTCY AS TO THIS OBLIGATION, THIS COMMUNICATION IS INTENDED FOR INFORMATIONAL PURPOSES ONLY AND IS NOT AN ATTEMPT TO COLLECT A DEBT IN VIOLATION OF THE AUTOMATIC STAY OR THE DISCHARGE INJUNCTION. IN SUCH CASE, PLEASE DISREGARD ANY PART OF THIS COMMUNICATION WHICH IS INCONSISTENT WITH THE FOREGOING.

OTHERWISE, FEDERAL LAW REQUIRES US TO ADVISE YOU THAT COMMUNICATION FROM OUR OFFICE COULD BE INTERPRETED AS AN ATTEMPT TO COLLECT A DEBT AND THAT ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.

IF YOU ARE NOW ON ACTIVE MILITARY DUTY OR HAVE BEEN IN THE PRIOR NINE MONTHS, PLEASE CONTACT OUR OFFICE AS YOU MAY BE ENTITLED TO THE BENEFITS OF THE SERVICEMEMBERS' CIVIL RELIEF ACT.

THIS NOTICE CONTAINS IMPORTANT INFORMATION REQUIRED BY THE STATE OF MICHIGAN.

February 7, 2012

FIRST CLASS MAIL

P. J. Cotter
6243 Church Street
Ira, MI 48023
File Number: 703.1727

RE: 6243 Church Street, Ira, MI 48023

Dear P. J. Cotter:

**Please be advised** that this is a time sensitive document with a 30 day deadline for response. According to Michigan law, GMAC Mortgage, LLC is required to furnish you with the following information regarding the reason for default and your ability to participate in a meeting to attempt to work out a modification of the mortgage to avoid foreclosure if you request a meeting within the next 30 days as directed below:

This office is a law firm which represents GMAC Mortgage, LLC, the creditor to whom your mortgage debt is owed or the servicing agent of your mortgage. GMAC Mortgage, LLC has referred this matter to this office with instructions to start proceedings to foreclose the mortgage located at 6243 Church Street, Ira, MI 48023.

orlansrefi-10-3-12

c) The person to contact to schedule a meeting to attempt to work out a loan modification is: Orlans Associates P.C. Loss Mitigation Department, P.O. Box 5041, Troy, MI 48007-5041. Phone: (248) 502-1331. Fax: (248) 502-1601, mediation@orlans.com. Please be advised that if you are in contact with the creditor or servicing agent regarding modification options, please also contact Orlans Associates Loss Mitigation Department as the facilitator of the meeting directly to schedule a meeting and obtain all necessary document requests for the meeting.

g) That if an agreement is not reached to modify the mortgage loan, but it is determined that you meet the criteria for a modification under MCL 600.3205c(1) and foreclosure under this chapter is not allowed under section MCL 600.3205c(7), the foreclosure of the mortgage will proceed before a judge instead of by advertisement.

UNSIGNED

To Whom It May Concern:

Please send me the documentation, requested (February 10, 2012, March 2, 2012, April 2, 2012, May 2, 2012, June 1, 2012, July 3, 2012, August 3, 2012, September 4, 2012) to pursue a alleged loan modification pursuant to the referenced documentation from your office and in compliance with Michigan Compiled Law (MCL), MCL 600.3204, MCL 600.3205, MCL 600.3205a (c) (d), MCL 600.3205b (1) (3), MCL 3205c (1), MCL 3205d

Your lack of action in this matter per your own documentation causes me great concern as to your true objectives in this matter and if ORLANS ASSOCIATES, P. C. does in fact have any lawful contract in this referenced documentation with GMAC MORTGAGE, LLC et al.

This continued lack of response on your behalf and the ignoring of my wanting to abide by the initiation of this matter by ORLANS ASSOCIATES, P. C. will leave me no other recourse than to seek legal action in all matters brought forth by ORLANS ASSOCIATES, P. C.

Thank you in advance for your attention to this urgent matter.

NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT
NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL
Applicable to all successors and assigns
my paperwork will do all my talking for me
*Silence is Acquiescence/Agreement/Dishonor*
Nunc pro tunc
VOID WHERE PROHIBITED BY LAW
Under Reserve, UCC 1-308
Dated this October 3, 2012 AD.

By: *P-J. Cotter*

P-J.Cotter
Authorized Representative for
P J COTTER

Cc:     file
        legal
        as required

orlansrefi-10-3-12

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF SAINT CLAIR**

P J Cotter,

       Plaintiff,

                                      Cas                           

                                        Hor       12002946CH
                                                      KELLY

v

GMAC MORTGAGE, LLC

       Defendant,

| | |
|---|---|
| ORLANS ASSOCIATES, P.C.<br>P.O. Box 5041<br>Troy Michigan 48007<br>248-502-1400 | P J Cotter<br>6243 Church Rd<br>Fair Haven Mi. 48023<br>810-459-6972 |

**ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION FOR**
**TEMPORARY RESTRAINING ORDER AND TO SHOW CAUSE**

Upon Plaintiffs Emergency Motion for Temporary Restraining Order and to Show Cause, the Court having found a clear record that there is an immediate need for action based on the irreparable harm to Plaintiff that will result if the Temporary Restraining Order does not issue, and the Court being otherwise fully advised as to the premise, it is hereby ordered as follows:

IT IS HEREBY ORDERED that Orlans Associates, P.C. and GMAC MORTGAGE, LLC, or those acting in concert, shall be prohibited from holding the sale of the Subject Property for any reason whatsoever, said property more particularly described as:

LEGAL DESCRIPTION

Situated in TOWNSHIP OF IRA, ST. CLAIR COUNTY, MICHIGAN

The South 1/2 of the South 1/2 of the South 1/2 of the Northwest 1/4 of Section 4, Town 3 North, Range 15 East, Ira Township, St Clair County, Michigan.

Re: 6243 Church Street
Tax Item No. 74-23-004-1014-000

**IT IS FURTHER ORDERED** that defendant cease and desist with foreclosure by advertisement as pursuant to mcl 600 3204.........................

**IT IS FURTHER ORDERED** that Orlans Associates, P.C. shall appear before this Court on Dec. 10, 2012 at 10:00am to show cause as to why a preliminary injunction shall not issue;

**IT IS FURTHER ORDERED** that a copy of this Order, Plaintiffs Complaint, and Motion, and Brief filed in connection with this Order shall be served upon Orlans Associates, P.C. and GMAC MORTGAGE, LLC by personal service or certified mail by:

_____

_____

_____

_____

_____

November          , 2012

A TRUE COPY
Jay M. DeBoyer
County Clerk

**IT IS SO ORDERED**

DANIEL J. KELLY
_____
Circuit Court Judge