UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PJ COTTER,

        Plaintiff,                         Civil Action No. 12-cv-15382

       v.                                Hon. Nancy G. Edmunds
                                           Magistrate Judge Laurie J. Michelson

GMAC MORTGAGE, LLC,

        Defendant.
_____/

**REPORT AND RECOMMENDATION TO GRANT**
**DEFENDANT'S MOTION TO DISMISS [2]**

Plaintiff PJ Cotter sued Defendant GMAC Mortgage, LLC ("GMAC") to halt foreclosure proceedings on a vacant lot he owns. Cotter claims that GMAC failed: (i) to validate his debt, in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g; (ii) to provide information related to the servicing of his loan, in violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605; (iii) to consider him for a loan modification as required by Mich. Comp. Laws § 600.3205; and (iv) to post adequate notice of the foreclosure as required by Mich. Comp. Laws § 600.3208. Following a state-court temporary restraining order preventing non-party Orlans Associates P.C. from proceeding to sell the lot, GMAC removed Cotter's case to this Court.

Now before the Court for a report and recommendation is GMAC's Motion to Dismiss. (Dkt. 2.) GMAC contends that none of Cotter's four allegations states a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). This Court has considered Cotter's response (Dkt. 7) and does not believe that oral argument will substantially aid in resolving the parties' dispute. *See* E.D. Mich.

7.1(f)(2). For the following reasons, this Court **RECOMMENDS** that Defendants' Motion for Dismissal be **GRANTED**.

## I. BACKGROUND

On June 5, 2006, Plaintiff Cotter borrowed $208,000 to purchase a parcel of land located on Church Street in Ira, Michigan. (Dkt. 2, Def.'s Mot. to Dismiss, Ex. A, Mortgage.) He secured the debt by mortgaging the parcel. (*Id.*) Non-party GreenPoint Mortgage Funding, Inc. ("GreenPoint") issued the loan, and non-party Mortgage Electronic Registration Systems, Inc. ("MERS") was named mortgagee. (Mortgage at 2.) Approximately three months later, in September 2006, Defendant GMAC informed Cotter by letter that GMAC would be servicing his loan and that he should make all future payments to it. (Def.'s Mot. to Dismiss, Ex. B, Sept. 2006 Letter to Cotter from GMAC.)[1]

On February 7, 2012, Orlans Associates Loss Mitigation Department ("Orlans"), the legal representative of GMAC, informed Plaintiff by letter that it represented GMAC (stating "[t]his office represents GMAC Mortgage, LLC, which is the creditor to whom your mortgage debt is owed or the servicing agent for [that] creditor") and that GMAC had decided to accelerate his debt and begin foreclosure proceedings because Plaintiff had failed to make monthly payments. (Dkt. 1, Compl., Ex. 1.) The total amount owed on the loan at the time of this letter was $217,257.71. (*Id.*) Orlans informed Plaintiff that this stated debt would be assumed valid unless he disputed it in

---

[1] In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents referenced in the pleadings and central to the plaintiff's claims, (2) matters of which a court may properly take notice, and (3) public documents. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 127 S. Ct. 2499, 2509, 168 L. Ed. 2d 179 (2007); *Amini* v. *Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001). The court's consideration of these document does not require conversion of the motion to one for summary judgment. *Greenberg v. Life Ins. Co. of Virginia,* 177 F.3d 507, 514 (6th Cir. 1999).

writing within 30 days, in which case Orlans would "obtain a verification of the debt" and mail it to Plaintiff. (*Id.*)

A second letter, also dated February 7, 2012, informed Plaintiff that "[t]he person to contact to schedule a meeting to attempt to work out a loan modification is: Orlans Associates P.C. Loss Mitigation Department." (Compl., Ex. 2.) The letter provided that the amount "currently due and owing under the mortgage loan" was $6,418.36. (*Id.*)

Following these notifications, Plaintiff made three series of demands concerning the alleged debt and impending foreclosure. The first concerned loan modification. On February 10, 2012, Plaintiff requested from Orlans consideration for a loan modification pursuant to Mich. Comp. Laws § 600.3205: "[p]lease send me the documentation to pursue a[n] alleged loan modification pursuant to the referenced documentation from your office." (Compl. Ex. 16.) Receiving no reply, Plaintiff reiterated this request in March, April, May, June, July, August, September, and October. (Compl., Exs. 18-25.)

The second demand sought verification of the alleged debt. On February 13, 2012, Plaintiff contested the validity of the debt and demanded verification from Orlans pursuant to 15 U.S.C. § 1692: "[y]ou must provide verification that an actual alleged debt really exists by producing the following . . . ." (Compl., Ex. 6.) Plaintiff likewise reiterated this demand by letter each month from April through August. (Compl., Exs. 8-10.) Orlans responded in October 2012, providing contact information for the original lender (GreenPoint) and the current mortgagee and servicer (GMAC). (Compl., Ex. 3.) Orlans also enclosed "a payment history from [GMAC], . . . the endorsed note, recorded mortgage, and [the] recorded assignment of mortgage" and informed Plaintiff that any further questions should be addressed to GMAC. (Compl., Ex. 3.)

3

Third, on March 7, 2012, Plaintiff sent GMAC a Qualified Written Request ("QWR") pursuant to RESPA, seeking nearly 200 points of detailed information concerning such topics as debits and credits, attorney fees, property inspections, broker-price opinion fees, force-placed insurance, and servicing. (Compl., Ex. 11.) Plaintiff likewise reiterated these requests to Orlans each month through September 2012. (Compl., Ex. 11.)

## II. LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) requires a plaintiff to plead "sufficient factual matter" to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim has the requisite facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Furthermore, the plausibility standard is not a "probability requirement," but it does require "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Since Fed. R. Civ. P. 12(b)(6) concerns the adequacy of the pleadings, and not the truth of the facts pleaded, the reviewing court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 992 (6th Cir. 2009) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). Nevertheless, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.*

4

**III. ANALYSIS**

    **A.    Count I - Failure to Comply with FDCPA, 15 U.S.C. § 1692g**

Plaintiff first claims that despite having received a letter regarding his alleged debt and impending foreclosure, and despite having responded to that letter in accordance with 15 U.S.C. § 1692g, GMAC nonetheless failed to validate the debt as required by the statute. (Compl. ¶ 41.) Indeed, section 1692g of the FDCPA requires that once "the consumer notifies the debt collector in writing within the thirty-day period," then collection activities must cease until "such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g (2006).

GMAC does not claim that it properly validated the debt as required by § 1692g. Instead, Defendant responds that it is not a "debt collector" within the meaning of the FDCPA. If Defendant is correct, then Plaintiff has neither claim nor remedy, since mailing a verification demand to GMAC would not entitle Plaintiff to a response under § 1692g.

Cotter bears the burden of establishing that GMAC is a debt collector under the FDCPA. *Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti,* 374 F.3d 56, 60 (2d Cir. 2004); *Adams v. Bank of America*, *N.A.* No. 12-11928, 2013 WL 1499492, at *8 (E.D. Mich. Mar. 19, 2013) (dismissing the plaintiff's FDCPA claim); *Golliday v. Chase Home Fin., LLC*, 761 F. Supp. 2d 629, 635 (W.D. Mich. 2011). Here, Plaintiff has pled no facts tending to show Defendant's status as a debt collector. (*See* Compl. ¶¶ 39-44.) And Plaintiff's response provides only that "GMAC, . . . per the un-rebutted facts in the record, meets the definition of a 'debt collector.'" (Dkt. 7, Pl.'s Resp. ¶ 18.)[2] This is precisely the kind of "mere conclusory statement[]" insufficient under *Iqbal. See*

---

    [2]The Court will treat Plaintiff's "Verified Motion to Deny Defendant's Unverified Motion to Dismiss" (Dkt. 7) as Plaintiff's response to Defendant's Motion to Dismiss.

*Iqbal*, 556 U.S. at 678.

Moreover, 15 U.S.C. § 1692a(6) excludes a loan servicer such as GMAC from the scope of "debt collector." A debt collector is "any person who uses any instrumentality of interstate commerce . . . the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). However, the term does not encompass one performing such collection services "to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F). With respect to a particular debt, "one cannot be both a 'creditor' and a 'debt collector,' as defined in the FDCPA, because those terms are mutually exclusive." *Bridges v. Ocwen Fed. Bank*, 681 F.3d 355, 359 (6th Cir. 2012); *FTC v. Check Investors, Inc.*, 502 F.3d 159, 173 (3rd Cir. 2007). And whether a loan servicer, such as GMAC, is a creditor or a debt collector "depend[s] on whether the debt was assigned for servicing before the default or alleged default occurred" and whether the servicer "has treated the debt as if it were in default at the time of acquisition." *Bridges*, 681 F.3d at 359, 362; *see also Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 108 (6th Cir. 1996) ("We do not think it would accord with the intent of Congress, as manifested in the terms of the Act, for a company that is *not* a debt collector to be held vicariously liable for a collection suit filing that violates the Act only because the filing attorney is a 'debt collector'").

There is no allegation either that Plaintiff's debt was originally assigned for servicing after default or that GMAC treated the loan as in default from the acquisition of its servicing interest. Moreover, all submitted evidence suggests the contrary. (Dkt. 2, Def.'s Mot. to Dismiss, Ex. B.)

Plaintiff's reliance on *Bridges* is misplaced. The plaintiff's complaint in *Bridges*—found

6

insufficient by the District Court but sufficient by the Sixth Circuit on review—alleged not only that there was no recorded assignment establishing Ocwen Bank as a loan servicer, but also that Ocwen made persistent efforts to collect the debt in question. *Id.* at 363. Here, Plaintiff neglects entirely to address the distinction between those to whom the FDCPA applies and those to whom it does not. Having failed to establish this facial plausibility, Plaintiff's claim must likewise fail.

### B.     Count II—Failure to Comply with 12 U.S.C. § 2605

Plaintiff next asserts that GMAC, as servicer of the loan, has failed to comply with statutory duties under the Real Estate Settlement Practices Act, including, *inter alia*, providing the borrower with "a statement of reasons for which the servicer believes the account of the borrower is correct as determined by the servicer" and "information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer." 12 U.S.C. § 2605(e)(2)(B)-(C).

It is uncontested that 12 U.S.C. § 2605 applies to GMAC as servicer of the loan and that RESPA provides relief in the form of damages for the failure to respond to a QWR under 12 U.S.C. § 2605(f)(1). But it is incumbent upon the plaintiff to plead such damages. *See, e.g.*, *Pinchot v. Bank of America*, No. 12-12994, 2012 WL 6592527, at *11 (E.D. Mich. Dec. 18, 2012); *Mekani v. Homecomings Fin., LLC*, 752 F. Supp. 2d 785, 794 (E.D. Mich. July 6, 2010) (holding that "[b]ecause Plaintiff has completely failed to allege any causal link between Defendant's allegedly inadequate response to his QWRs and any actual damages suffered, his Complaint fails to plead a plausible RESPA claim"). Here, Plaintiff has not alleged any damages resulting from Defendant's failure to respond to his requests. (Compl. ¶¶ 45-50.) And even after Defendant pointed out this pleading deficiency in its Motion, Plaintiff still failed to address it in reply. Because Plaintiff fails

7

to plead this essential element, he fails to state a RESPA claim upon which relief may be granted.

Furthermore, it appears that Plaintiff's real claim is for inadequacy—not failure—of response, as Defendant has attached its response to Cotter to its motion. The October 2012 letter included "copies of pertinent documentation" that GMAC had in its records, explaining that Cotter's remaining inquiries "either do not pertain to the servicing of the account or are subject to business and trade practices, which are proprietary and confidential." (Mot. to Dismiss, Ex. C.) Plaintiff's only reply is to reiterate that Defendant is a loan servicer and therefore liable under the statute: "GMAC, claiming to be a purported 'servicer' . . . failed to comply with state and federal mandates." (Pl.'s Resp., ¶¶ 21-22.) *Iqbal* requires more than such bare conclusions. It requires "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plaintiff simply fails to provide such content.

    **C.**    **Count III—Failure to Comply with Mich. Comp. Laws § 600.3205**

Under Mich. Comp. Laws § 600.3205c, if a borrower "[contacts] a person designated under section 3205a(1)(c)," then that person "shall work with the borrower to determine whether the borrower qualifies for a loan modification." Plaintiff's third claim asserts that (i) Plaintiff fulfilled his own obligations under § 600.3205c, as evidenced by the inquiries sent to Orlans, but that (ii) GMAC failed to "work out a modification" (Compl. ¶ 62) and failed to "comply in accordance with their own documentation" (Compl. ¶ 53).

Even if Plaintiff's conclusory allegations sufficiently establish the fulfillment of his own duties under § 600.3205, Plaintiff does not seek the remedy provided by the statute. He requests only that Defendant "shall be prohibited from holding the sale of the[] Subject Property for any reason whatsoever." (Compl. at 12.) Yet Mich. Comp. Laws § 600.3205c provides a limited remedy: "[i]f

8

a mortgage holder or mortgage servicer begins foreclosure proceedings under this chapter in violation of this section, the borrower may file . . . to convert the foreclosure proceeding to a judicial foreclosure." It is well settled that complaints requesting relief not specified by this statute are not sufficient to state a claim for which relief can be granted. *E.g.*, *Cloos v. One West Bank*, No. 12-14956, 2013 WL 1875983, at *5 (E.D. Mich. May 3, 2013) ("Even if Plaintiffs had provided sufficient evidence . . . the sole remedy for a violation of MCL § 600.3205c is conversion of a foreclosure by advertisement into a judicial foreclosure"); *Pinchot v. Bank of America*, No. 12-12994, 2012 WL 6592527, at *11 (E.D. Mich. Dec. 18, 2012) ("Plaintiffs are also not entitled to the remedies they seek . . . To the extent Defendant failed to comply with the loan modification statute by failing to provide notice to Plaintiffs, the statute contains an exclusive enforcement mechanism allowing the mortgagor to 'request judicial foreclosure'" (citing *Dingman v. OneWest Bank, FSB*, 859 F. Supp. 2d 912, (E.D. Mich. 2012)); *Adams v. Wells Fargo Bank*, No. 11-10150, 2011 WL 3500990, at *4 (E.D. Mich. Aug. 10, 2011) ("Even if Plaintiff is correct about Defendant's failure to agree to a modification, he failed to show that he is entitled to the requested relief. The plain language of § 600.3205c(8) limits his relief. It does not authorize the Court to set aside the foreclosure."). Therefore, just as failure to plead damages renders his second claim inadequate, so, too, must Plaintiff's failure to plead those damages expressly provided by the statute render his third claim inadequate.

    **D. Count IV—Failure to Comply with Mich. Comp. Laws § 600.3208**

  Finally, Plaintiff attempts to plead a violation of Mich. Comp. Laws § 600.3208: "Defendant failed to comply with the requirements of M.C.L. 600.3208 '[i]n every case within 15 days after the first publication of the notice [of foreclosure], a true copy shall be posted in a conspicuous place

9

upon any part of the premises described in the notice.'" (Compl. ¶ 64 (quoting Mich. Comp. Laws § 600.3208).) This is simply too conclusory—and could hardly be more so—to state a cognizable claim. It remains entirely unclear, for example, whether Plaintiff intended to allege that the notice was never posted, that it was not posted within the required 15 days, that it was not a true copy which was posted, or that the notice was posted, albeit inconspicuously. A claim that asserts liability and nothing more fails under Fed. R. Civ. P. 12(b)(6).

Furthermore, Defendant submits a copy of the affidavit of posting, signed on October 13, 2012 (Dkt. 2, Mot. to Dismiss, Ex. D), which is "presumptive evidence of the facts therein contained." Mich. Comp. Laws § 600.3264. In his Response, Cotter does not address the affidavit. Having had the opportunity to clarify his pleading, Cotter has failed to do so. Consequently, his final claim also fails.

## IV. CONCLUSION AND RECOMMENDATION

This Court therefore finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted. Accordingly, this Court **RECOMMENDS** that Defendants' Motion to Dismiss (Dkt. 2) be **GRANTED** and that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**. Given that the Court recommends dismissal, Plaintiff's Motion for Judgment for Failure of Defendant to Answer Discovery (Dkt. 9) should be **DENIED AS MOOT**. This Court further **RECOMMENDS** that the restraining order granted by state court (Dkt. 1, Pg ID 124-25) be **DISSOLVED**.[3]

---

[3] *See* 28 U.S.C. § 1450 ("Whenever any action is removed from a State court to a district court of the United States . . . [a]ll injunctions . . . had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court").

10

**V. FILING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

                                                               s/Laurie J. Michelson  
                                                               LAURIE J. MICHELSON  
                                                               UNITED STATES MAGISTRATE JUDGE

Dated: June 17, 2013

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 17, 2013.

                                                               s/Jane Johnson  
                                                               Deputy Clerk